Farimah Brown, City Attorney, SBN 201227
Lynne S. Bourgault, Deputy City Attorney, SBN 180416
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6998
Facsimile: (510) 981-6960
Email: LBourgault@cityofberkeley.info

Attorneys for Defendant CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>    Plaintiff,<br><br>v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA (a.k.a. ANTIFA), CITY OF BERKELEY, ET AL.,<br><br>    Defendants. | No. 4:17-cv-04864 CW<br><br>**DEFENDANT CITY OF BERKELEY'S REPLY IN SUPPORT OF MOTION TO REVOKE PRO HAC VICE ADMISSION OF LARRY KLAYMAN**<br><br>Date: November 14, 2017<br>Time: 2:30 p.m.<br>Crtrm: TBD |

## **INTRODUCTION**

In his Opposition to the City of Berkeley's Motion to Revoke Pro Hac Vice Admission, Mr. Klayman concedes numerous documented instances in which federal courts have sanctioned and criticized him for his unprofessional behavior. He also concedes that he has been banned for life from practicing in two federal district courts, and has been the subject of disciplinary proceedings and public reprimands based on multiple violations of rules of professional conduct. Mr. Klayman appears to argue that his long history of unprofessional and inappropriate behavior is warranted and excused by his "zealous" advocacy and "litigation style" in "highly charged politically motivated cases." Opp. at 1:14; 1:21-24. Mr. Klayman's position makes no sense, as the rules and guidelines for professional conduct contain no

exception for political cases or alleged "zealous" advocacy.

Mr. Klayman makes an underhanded accusation against the objectivity of the Court, claiming illogically that the Court will be biased in favor the City of Berkeley's position because she attended and taught at UC Berkeley. Opp. at 3-7. He promises to "fully" obey "all court orders" and to treat the court and "all parties with dignity and respect," however, he has already flouted the rules in this case by filing an opposition to the City's motion to dismiss five days late, leaving the City only one business day in which to file its reply brief.

Mr. Klayman argues that his client has a Sixth Amendment right to her counsel of choice, ignoring the fact that this is a civil case, not a criminal case. The Court should grant the City's motion and revoke Mr. Klayman's *pro hac vice* admission.

## **ARGUMENT**

### I. **Plaintiff has no Sixth Amendment right to counsel of her choice**

Mr. Klayman argues that plaintiff Kiara Robles has a guaranteed Sixth Amendment right to counsel of her choice. Opp. at 2:21-23. However, the authorities Mr. Klayman relies upon do not support his claim that plaintiff has a right to the counsel of her choice in this civil case. For instance, *U.S. v. Ries*, a case regarding the right to counsel in the criminal context, states "the Sixth Amendment right to chosen counsel is not absolute; it can be abrogated to serve a 'compelling purpose.' Ensuring the ethical and orderly administration of justice is one such purpose." 100 F.3d 1469, 1471 (9th Cir. 1996). None of the cases cited by Mr. Klayman extend a right to counsel of one's choice to civil cases. Instead, the cases discuss the manner in which judicial concerns, such as conflicts of interest, will abrogate a civil litigant's right to choice of counsel. See *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal.4th 839, 846 (Cal. 2006) ("Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility."); see also *Khani v. Ford Motor Co.*, 215 Cal.App.4th 916, 920 (Cal.App.2d Dist. 2013) (noting "a disqualification motion juxtaposes a client's right to

2

Defs' Reply in Support of Motion to Revoke Pro Hac Vice Admission of Larry Klayman
No. 4:17-cv-04864 CW

represented by his or her counsel of choice with the attorney's duty to maintain the confidences of his or her former client.") Therefore, Mr. Klayman provides no authority supporting his view that plaintiff's alleged "right to counsel" supersedes this Court's authority to revoke his *pro hac vice* admission.

### II. Mr. Klayman concedes there are numerous incidents of improper conduct warranting revocation of *pro hac vice* admission

Mr. Klayman does not dispute the eleven documented instances of improper conduct cited by the City in its motion. See Def's MPA at 6-7. Nor can Mr. Klayman dispute the specific criticisms by two separate Texas district courts, where "[t]he record reflect[ed] Mr. Klayman's predilection for filing frivolous, nonsensical, and vituperative documents." See *Klayman v. Obama*, 3:16-CV-02010-L (N.D. Texas); *Zamarripa v. Farrakhan*, 3:16-cv-03109-N (N.D. Texas). Finally, Mr. Klayman does not dispute his filing, dismissing, refiling, and dismissing again of lawsuits against, among others, President Obama, which he dismissed based on his view that the federal judge would be biased against him. *Klayman v. ACLU*, No. 2:17-cv-01703-JAK-JEM, ECF 1, ¶¶ 37-38; *Klayman v. Obama*, No. 2:17-cv-00836-JAK-JEM, ECF 1; *Klayman v. ACLU*, 2:17-cv-01703-JAK-JEM, ECF 1.

Thus, the record warrants revocation of Mr. Klayman's *pro hac vice* admission because it shows his conduct will likely interfere with "the orderly administration of justice" and he will likely "not abide by the court's rules and practices." *In re Bundy*, 840 F.3d 1034, 1042 (9th. Cir. 2016). Although he claims he will "fully" obey all court rules and respect the parties, Mr. Klayman has already flouted the rules by filing an opposition brief five days late, leaving the City only one business day to file its reply brief. See ECF # 22 (Plaintiff's Opposition to Motion to Dismiss Complaint).

### III. *In re Bundy* supports the City's request to revoke Mr. Klayman's *pro hac vice* status

Mr. Klayman relies on the dissenting opinion in *In re Bundy* to argue that the Court should not revoke his *pro hac vice* status. Mr. Klayman argues his application was "improperly, arbitrarily, and capriciously denied" while ignoring the *Bundy* Court's findings. See Pltf's Opp.

3

at 3-4; see *Bundy*, 840 F.3d at 1045 (holding district court did not abuse its discretion by considering Mr. Klayman's "'pending disciplinary proceedings,' a failure to state in his *pro hac vice* application that the attorney was subject to pending disciplinary proceedings and . . . his failure to directly address those proceedings when so requested.")

While Mr. Klayman may disagree with the *In Re Bundy* Court's holding, he provides no legitimate reason why this Court should not consider it in deciding this motion.

### IV. Mr. Klayman misrepresents the District of Columbia Bar proceedings against him

Mr. Klayman misrepresents the ethics proceeding against him before the District of Columbia Bar. He claims "this matter is <u>still pending</u> and Mr. Klayman has never actually been found to have acted unethically in this matter."[1] *Bundy*, 840 F.3d at 1049; Pltf's Opp. at 4 (emphasis in original). However, Mr. Klayman omits the fact that a three member hearing committee for the D.C. Bar found "by clear and convincing evidence" that Mr. Klayman violated Florida Rule of Professional Conduct 4-1.9(a), and D.C. Rules of Professional Conduct 1.9 and 8.4(d). Bourgault Dec. Exh. A at p. 43. Therefore, the D.C. Bar proceedings are relevant to this motion to revoke Mr. Klayman's *pro hac vice* admission.

### V. Mr. Klayman's Florida Bar Public Reprimand shows Mr. Klayman's predilection for interference with the fair administration of justice

Mr. Klayman erroneously argues this court should not consider his Florida Bar Public Reprimand because it "was entirely unrelated to his conduct in any courtroom" and "he settled the matter to just move past the dispute." Pltf's Opp. at 5. However, this court has discretion to consider any evidence towards "promoting the orderly administration of justice" including whether an out-of-state attorney "will not 'abide by the court's rules and practices'" when ruling on *pro hac vice* admission. *In re Bundy*, 840

---

[1] Mr. Klayman also references an "Affidavit of Negotiated Discipline" that Defendant did not cite in its motion. However, Mr. Klayman's claim that he withdrew the document was found to be a clear misrepresentation in *In re Bundy*, where the district court found Mr. Klayman "*provided false information to this court* by stating that he withdrew his affidavit when, in fact, the Hearing Committee rejected it." *Bundy*, 840 F.3d at 1044 (emphasis added).

F.3d at 1042. In his signed Consent Judgment, Mr. Klayman admits numerous violations of the Florida Rules of Professional Conduct, including a failure to comply with a mediation agreement. Bourgault Dec. Exh. B at p. 5. Additionally, Mr. Klayman's allegation about signing the judgment "just to move past the dispute" was found by the D.C. Bar Hearing Committee to be "simply not true." Pltf's Opp at 5; Bourgault Dec. Exh. A at p. 37. Such conduct is especially relevant to the Court's inquiry here, and should not be ignored.

### VI. Mr. Klayman concedes that two federal district courts have banned him for life

Disregarding the Ninth Circuit's express findings to the contrary, Mr. Klayman rehashes previously refuted arguments supported solely by the dissenting opinion in *In re Bundy*. See *Bundy*, 840 F.3d at 1049 (noting the majority "might be inclined to agree with the dissent that conduct twenty-years ago in the past is outdated" if courts had not "sanctioned, chastised, and rebuked Klayman repeatedly over the past twenty years"). The Court should grant the City's motion and revoke Mr. Klayman's *pro hac vice* status.

### CONCLUSION

For all of the foregoing reasons, the Court should grant the City's motion to revoke Mr. Klayman's *pro hac vice* status.

Dated: October 23, 2017     Respectfully submitted:

LYNNE S. BOURGAULT, Deputy City Attorney

By: _____/s/_____
      LYNNE S. BOURGAULT
      Attorneys for Defendant City of Berkeley