Farimah Brown, City Attorney, SBN 201227
Lynne S. Bourgault, Deputy City Attorney, SBN 180416
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone:  (510) 981-6998
Facsimile:  (510) 981-6960
Email:  LBourgault@cityofberkeley.info

Attorneys for Defendant CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>                     Plaintiff,<br><br>v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA (a.k.a. ANTIFA), ET AL.,<br><br>                     Defendants. | No.  4:17-cv-04864 CW<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT CITY OF BERKELEY TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:   August 14, 2018<br>Time:  2:30 p.m.<br>Crtrm: TBD |

**NOTICE IS HEREBY GIVEN** that on August 13, 2018, or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California, defendant City of Berkeley (hereinafter "the City") will and hereby does move the Court to dismiss the Amended Complaint of Plaintiff Kiara Robles pursuant to Federal Rule of Civil Procedure 12(b)(6).

The City makes this motion on the following grounds:

(a) As to plaintiff's First and Second causes of action pursuant to 42 U.S.C. section 1983, that plaintiff has failed to state sufficient facts upon which a claim for relief may be granted;

(b) As to plaintiff's Fifth and Eighth causes of action, that plaintiff has failed to exhaust administrative remedies.

1   This motion is based upon this Notice of Motion and Motion, the below Memorandum of
2   Points and Authorities, the Amended Complaint on file in this action, and other matters as may be
3   presented to the Court at the time of the hearing.

4   Dated:  July 6, 2018

BERKELEY CITY ATTORNEY'S OFFICE

By: _____/s/_____
LYNNE BOURGAULT
Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

This motion presents the following issues to be decided:

1. Whether plaintiff has adequately pleaded a 42 U.S.C. § 1983 First and Fourteenth Amendment claims against defendant City of Berkeley.

2. Whether plaintiff has failed to allege that she exhausted her administrative remedies with respect to her state law claims against the City.

## INTRODUCTION AND FACTUAL ALLEGATIONS

On June 4, 2018, the Court granted the City of Berkeley's Motion to Dismiss the Complaint of plaintiff Kiara Robles ("plaintiff") with leave to amend.

Robles sued the City of Berkeley (hereinafter "the City"), along with a number of other defendants, alleging that unnamed members of the Berkeley Police Department "should have been fully prepared for violence to break out at the Milo Yiannopoulos event" on February 1, 2017 at the UC campus. Amended Complaint ("FAC") at 9:4-5; 9:13-15. Plaintiff alleges City of Berkeley police failed to protect her after "masked" protesters attacked her with pepper spray and bear mace. Plaintiff's 42 U.S.C. 1983 claims against the City should be dismissed because she fails to allege what specific municipal policy or custom allegedly caused her injuries, and also fails to plead sufficient facts to state claims under the First Amendment and Equal Protection Clause of the Fourteenth Amendment. Additionally, plaintiff's state law claims against the City must be dismissed for failure to exhaust administrative remedies.

### I. Allegations related to City of Berkeley

In her Amended Complaint, plaintiff makes very few allegations related to the City of Berkeley or its police department. She alleges that the Berkeley Police Department "should have been fully prepared for violence to break out at the Milo Yiannopoulos event," and that it "should have foreseen that the protest of a controversial Republican political figure such as Milo Yiannopoulos could likely turn violent." FAC 9:4-5; 10:2-3. She alleges the City was negligent "in failing to provide effective police protection for the crowds present at one of their own events." Id. *10*:19-22. She further alleges Berkeley police "chose to withhold their aid to attendees of the

Milo Yiannopoulos event . . . despite the fact that they could see attendees being viciously attacked by 'protesters'." *Id*. 15:3-5.  She alleges "BPD could see the attacks occurring outside while they waited in the Student Union Building, yet did not act to protect any of the victims." *Id*. 19:4-5.  She also alleges "Berkeley was acting pursuant to its policy and custom of selectively providing police support and withholding police support to conservative events, rallies, and protests," but she fails to specifically identify any policies or customs.  *Id*. at 22:5-7.

## II. Plaintiff's Causes of Action Against the City of Berkeley

Plaintiff's Amended Complaint alleges the following claims against the City of Berkeley:

| Number | Cause of Action | Basis for Dismissal |
|---|---|---|
| First Cause of Action | 42 U.S.C. § 1983 First Amendment right to freedom of speech and assembly | Failure to state a claim |
| Second Cause of Action | 42 U.S.C. § 1983 Equal Protection Clause, discrimination based on sexual orientation | Failure to state a claim |
| Fifth Cause of Action | Intentional Infliction of Emotional Distress | Failure to exhaust administrative remedies |
| Eighth Cause of Action | California Civil Code § 52.1 (Bane Act) | Failure to exhaust administrative remedies |

## **ARGUMENT**

### I. Legal Standard for Granting a Motion to Dismiss

A motion to dismiss under FRCP 12(b)(6) must be granted where there is an "absence of 'sufficient factual matter to state a facially plausible claim to relief.'"  *Ochoa v. City of Hayward*, 2014 WL 4088203 *3 (N.D. Cal. August 19, 2014) (*citing Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235 (3d ed. 2004)).

"[A] pleading will not be sufficient to state a claim under §1983 if the allegations are mere conclusions. *Kennedy v. H&M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976). "Sweeping conclusory allegations will not suffice; the plaintiff must instead 'set forth specific facts as to each individual defendant's' deprivation of protected rights." *Ball v. California Department of Corrections*, 2013 WL 5272991 (N.D. Cal. Sept. 17, 2013) (*quoting Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1981)).

Additionally, the court need not accept as true allegations in a complaint that are contradicted by facts that are properly subject to judicial notice. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010).

## II. **Plaintiff's §1983 Claims Against the City of Berkeley Fail to State a Claim**

### A. **Plaintiff has failed to plead sufficient factual matter to state a facially plausible claim to relief under *Monell***

Plaintiff's first and second causes of action are brought against the City pursuant to 42 U.S.C. section 1983, under the First and Fourteenth Amendments (Equal Protection clause). She alleges that the City of Berkeley violated plaintiff's First Amendment right to free speech and freedom of assembly by "willfully" withholding police officers to protect pro-Trump supporters such as herself at the Yiannopoulos event. FAC at ¶ 89. She also alleges intentional sexual orientation discrimination under the Equal Protection clause based on the alleged failure to provide police protection to Yiannopoulos' supporters who are "gay and female." *Id.* ¶ 94 – 96.

Section 1983 suits against municipalities may only be brought pursuant to *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). Under Section 1983, a municipality "cannot be held liable unless a municipal policy or custom caused the constitutional injury." *Id.* at 691; *Leatherman v. Tarrant County Narcotics & Intell. Unit*, 507 U.S. 163, 166 (1993). The heightened pleading standards of *Iqbal*, *supra*, 556 U.S. at 677-78 and *Twombly*, *supra*, 550 U.S.

at 555, apply to *Monell* claims. *AE ex rel, Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

In this case, plaintiff alleges in entirely conclusory fashion that the City failed to provide police protection to plaintiff "pursuant to its policy and custom of selectively providing police support and withholding police support to conservative events, rallies, and protests." FAC ¶ 82. These allegations fail to meet the heightened pleading standards of *Twombly*, supra, 550 U.S. at 555, and *Hernandez, supra,* 666 F.3d at 637. Therefore, plaintiff's First and Second Causes of Action pursuant to 42 U.S.C. § 1983 fail to state a claim and must be dismissed without leave to amend.

**B. Plaintiff has failed to sufficient facts to state a claim under the Equal Protection Clause**

To plead a claim for violation of equal protection, a party must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." *Love v. Hensley*, 2019 WL 1626117 at * 4 (S.D. Cal. April 21, 2010) (citing *Village of Arlington Heights v. Metro Housing Dev. Corp*., 429 U.S. 252, 265 (1977). "[C]onclusory allegations of discrimination are insufficient to withstand a motion to dismiss unless they are supported by facts that may prove invidious discriminatory intent or purpose." *Yassin v. Corr. Corp. of America*, 2011 WL 4501403 at *6 (S.D. Cal. Sept. 27, 2011). Plaintiff "must set forth non-conclusory allegations of discrimination supported by reference to particular acts, practices, or policies demonstrating that he has been treated differently from others with whom he is similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination." *Switzer v. Weaver*, 2012 WL 6964863 at *6 (W.D. Va. Nov. 5, 2012).

Here, plaintiff has failed to allege facts to support her conclusory allegations that the City discriminated against her based on her sexual orientation or gender. Plaintiff does not indicate anyone at the City even knew what her sexual orientation was, alleging only that "a large number of [Milo Yiannopoulos] supporters . . . are gay and female." FAC ¶ 96. She also fails to allege that other women (as opposed to men) were denied police protection. Her allegations are insufficient to demonstrate that plaintiff was treated any differently than anyone else who attended

or protested the Milo Yiannopoulos event.  In fact, throughout her Amended Complaint, plaintiff alleges that Berkeley police withheld protection to all attendees of the event.  *See e.g.*, ¶ 28; 4:15-18; 5:13-16.  The Court should therefore grant the City's motion to dismiss plaintiff's Equal Protection claim without leave to amend.

### C. Plaintiff has failed to allege sufficient facts to state a claim for violation of the First Amendment

In *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989), the Court held that the state has no duty to protect an individual "against private violence." *Id*. at 197. Although the Court in *DeShaney* analyzed the limitations of the Due Process Clause of the Fourteenth Amendment, the reasoning of *DeShaney* applies equally to claims brought under the First Amendment, since both constitutional provisions are "phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id*. at 195. Neither the state nor state officials have any obligation to protect citizens who are exercising their First Amendment rights.  *Haitian Refugee Ctr., Inc. v. Baker*, 953 F.2d 1498, 1513-14 (11th Cir. 1992).

Here, plaintiff alleges Berkeley police deprived her "of her right to freely exercise her freedom of speech and freedom of assembly."  FAC ¶ 86.  She alleges Berkeley failed to "provide a safe venue for pro-President Trump/pro-Milo Yiannopoulos attendees."  *Id*. ¶ 88.  Given Berkeley police had no duty to provide a "safe venue" for plaintiff to exercise her First Amendment rights, or to protect individuals so they can exercise their rights, her First Amendment claim must be dismissed without leave to amend.

### III. Plaintiff's State Law Claims Against the City are Barred by Failure to Allege Compliance with Government Claims Act Procedures

The Government Tort Claims Act requires that a tort claim against a public entity and its employees be presented to the public entity prior to the filing of a lawsuit alleging claims under state law.  *See* Government Code sections 815, 945.4 and 950.2.  Government Code section 945.4 bars any lawsuit for damages against a public entity in which the pre-lawsuit claim requirement for state law claims is not met.  Government Code sections 905 and 910 require a

1  plaintiff to file a pre-lawsuit claim with the City before filing suit.  Presentation of a written

2  claim, and action on or rejection of the claim are conditions precedent to filing suit.  *State v.*

3  *Superior Court (Bodde),* 32 Cal. 4th 1234, 1240 (2004).  Compliance with the Tort Claims Act is

4  an element of the cause of action.  *Id*.  Failure to allege compliance with the pre-lawsuit claim

5  requirement is fatal to a state law tort claim for damages, and the state law claims are subject to

6  dismissal.  *Hacienda La Puente Unified School Dist. v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992).

7  The Court granted the City's motion to dismiss plaintiff's state law claims in her initial

8  Complaint based on her failure to comply with the California Tort Claims Act, which plaintiff

9  did not dispute.  *See* June 4, 2018 Order Granting Motion to Dismiss (ECF Doc. # 51) at 11:14-

10  26.  Plaintiff argued that filing a tort claim would have been "futile," but the Court rejected this

11  argument.  *Id*. at 12:4-11.

12  In her Amended Complaint, plaintiff fails to allege compliance with the Tort Claims Act.

13  Therefore, plaintiff cannot bring claims against the City under state law, and her Fifth Cause of

14  Action (Intentional Infliction of Emotional Distress), and Eighth Cause of Action (California

15  Civil Code § 52.1) must therefore be dismissed without leave to amend.

16  Even if plaintiff could allege that she filed a government claim (which she cannot), all of

17  her state law claims against the City are barred by Govt. Code § 845 which provides absolute

18  immunity for failure to provide police protection.  *Gates v. Superior Court*, 32 Cal. App. 4th 481,

19  495-96 (1995).

20  **IV.**   **Plaintiff May Not Seek Punitive Damages Against the City**

21  Punitive damages are not available against a governmental defendant in a Section 1983

22  action.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 262-63 (1981).  Plaintiffs' prayer

23  for punitive damages against the City must therefore be dismissed.

24  **CONCLUSION**

25  For the above reasons, the City requests the Court grant its motion to dismiss Plaintiff's

26  Amended Complaint for failure to state a claim and failure to exhaust administrative remedies

27  without leave to amend.

28

Dated: July 6, 2018  Respectfully submitted:

BERKELEY CITY ATTORNEY'S OFFICE

By: _____/s/ Lynne S. Bourgault_____
 LYNNE S. BOURGAULT
 Attorneys for Defendant