Farimah Brown, City Attorney, SBN 201227
Lynne S. Bourgault, Deputy City Attorney, SBN 180416
Jessica Mar, Deputy City Attorney, SBN 293394
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone:  (510) 981-6998
Facsimile:  (510) 981-6960
Email:  LBourgault@cityofberkeley.info

Attorneys for Defendant CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>             Plaintiff,<br><br>v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA (a.k.a. ANTIFA), CITY OF BERKELEY, ET AL.,<br><br>             Defendants. | No.  4:17-cv-04864 CW<br><br>**DEFENDANT CITY OF BERKELEY'S RESPONSE TO SUPPLEMENTAL OPPOSITION TO MOTION TO REVOKE PRO HAC VICE ADMISSION OF LARRY KLAYMAN**<br><br>Date:   UNDER SUBMISSION<br>Time:  N/A |

On May 23, 2018, the Court issued a Notice of Tentative Ruling on Motion to Revoke Pro Hac Vice.  ECF Doc. # 49.  The Court indicated its intention to grant the City of Berkeley's motion to revoke the *pro hac vice* admission of plaintiff's attorney, Larry Klayman.  A hearing on the motion was set for July 17, 2018, and at the hearing, the Court granted Mr. Klayman's request to submit additional briefing, allowing him to file no more than "five pages of argument" and documentation related to disciplinary proceedings in the D.C. Circuit or Florida that post-date Mr. Klayman's May 23, 2018 court filings.  ECF Doc. # 71, Ex. 2 (7/17/18 Reporter's Transcript of Proceedings) ("RT") at 5:12-17; 15:16-17.

Mr. Klayman makes five main arguments against the Court's tentative decision to revoke his *pro hac vice* status, which the City discusses in detail below.

1

City of Berkeley's Response to Pltff's Supp. Opp. to Motion to Revoke Pro Hac Vice Admission of Larry Klayman
No. 4:17-cv-04864 CW

## I. Mr. Klayman Misrepresents the Status of the D.C. Bar's Disciplinary Determinations

Mr. Klayman misrepresents the status of the disciplinary proceedings against him by the District of Columbia Bar ("D.C. Bar"), arguing that he has "never been suspended from the practice of law even for one day," and failing to tell the Court that his 90-day suspension from practicing law is not one of the issues currently on appeal to the D.C. Circuit.

As Mr. Klayman admits, the D.C. Bar's Hearing Committee # 9 ("the Committee") sustained all charges against him and recommended a 90-day suspension from the practice of law, making readmission contingent upon a showing of fitness to practice law.[1]  ECF Doc. # 71 (Supp. Opp.) at 2:11-15.  Mr. Klayman appealed the Committee's recommendation.  *See* ECF Doc. 50-1 (Ex. 1) (D.C. Court of Appeals Board on Professional Responsibility, Report and Recommendation) at p. 1 ¶ 3) (Mr. Klayman "timely filed exceptions to the Hearing Committee's Report.").

On February 6, 2018, the D.C. Bar's Board of Professional Responsibility ("the Board") upheld the Hearing Committee's "factual findings" with one exception related to whether Mr. Klayman "gave false testimony during the hearing."  *Id.* at 2 ¶ 1.  Mr. Klayman argues to this Court that he is vindicated by the Board's determination that counsel for the D.C. Bar "failed to prove dishonesty by clear and convincing evidence."  *Id.* at p. 17 ¶ 2; *see* Supp. Opp. at 2:11-19; see ECF Doc. # 71 Ex. 2 (RT) at 5:5-15.

However, Mr. Klayman fails to inform this Court that it was the D.C. Bar's Office of Disciplinary Counsel ("ODC") that appealed the Board's findings and recommendation to the D.C. Court of Appeals, not Mr. Klayman.  He also fails to mention that the issues on appeal are

---

[1] At the July 17, 2018 hearing, Mr. Klayman complained there were "factual errors, gross factual errors" in the Court's tentative ruling.  ECF Doc. # 71 Ex. 2 (RT) at 9:21-24.  Mr. Klayman may be referring to the Court's identification of the body that issued the June 19, 2017 Report as "the Board" rather than "Hearing Committee Number Nine," even though the Tentative Ruling makes clear that the Court is quoting from the Hearing Committee's June 19, 2017 Report, and not the Board's February 6, 2018 Report. *Id.* at 5:2-23.

whether the Board erred in rejecting the Hearing Committee's conclusion about whether Mr. Klayman gave false testimony, and whether the 90-day sanction should include "a fitness showing for reinstatement."   Supp. Bourgault Dec. Ex. 1 (Brief of Disciplinary Counsel, Disciplinary Docket No. 2008-D048, DCCA No. 18-BF-100) at p. vii, pp. 1-4).   The ODC's brief expressly states that "Mr. Klayman did not file an exception" to the Board's February 6, 2018 Report and Recommendation.   *Id.* at p. 4 ¶ 3.   In other words, Mr. Klayman did not appeal the 90-day suspension recommendation.   Thus, contrary to what Mr. Klayman argued to this Court at the hearing on this matter on July 17, 2018, and what he argues in supplemental briefing, Mr. Klayman's 90-day suspension is not on appeal before the D.C. Circuit.   *See* ECF Doc. # 71 (Ex. 2) (RT at 8:23-25; 11:3-5).   The only issues on appeal in the D.C. Circuit are whether Mr. Klayman provided false testimony, and whether he will be required to show "fitness" before being readmitted after his 90-day suspension.   *Id.* at p. 4, ¶ 2.

Mr. Klayman admits he did not appeal his 90-day suspension.   Mr. Klayman on July 3, 2018 filed a lawsuit in the District Court for the District of Columbia against the D.C. Bar's Office of Disciplinary Counsel ("ODC") and four lawyers from the ODC in their individual capacities.   In his Complaint, Mr. Klayman asserts that it was the ODC that filed an "assignment of error to the Board's decision to remove the reinstatement provision in the Judicial Watch Complaint."   *See* Supp. Bourgault Dec. Ex. 2 (*Klayman v. Hamilton Fox, et. al.*, D.C. Case No. 1:18-cv-01579-RDM, ECF Doc. # 1 at ¶ 48).   Thus, it is not true, as Mr. Klayman claims, that the Board's recommendation to suspend him for 90 days "is not final."   Although the matter is still pending, and the suspension has not yet taken effect, the D.C. Circuit has not been asked to review the 90-day suspension.

## II.     Mr. Klayman Improperly Relies on a Dissenting Opinion to Argue He "Didn't Do Anything Wrong"

1    At the hearing, and in his opposition papers, Mr. Klayman improperly relies on a dissenting

2    opinion in *In re Bundy*, 840 F.3d 1034, 1054 (9th Cir. 2016), to claim that it has been judicially

3    determined he has done "nothing wrong."   ECF Doc. # 71 (RT) at 8:16-19.   As Mr. Klayman

4    should know, dissenting opinions do not state the official ruling of the case, and all of the

5    "sanctioned, sanctionable, or questionable behavior" outlined by the Ninth Circuit in *Bundy*, and

6    summarized in the Court's Tentative Ruling, are controlling.   ECF Doc. # 49 at 2:20-4:23.

7

8    **III.     Mr. Klayman Falsely Asserts He Never Accused the Court of Bias**

9        Mr. Klayman claimed at the July 17, 2018 hearing in this matter that he "didn't ever move to

10   disqualify" the Court based on bias, but merely made "a suggestion of recusal" based on an

11   "appearance" of bias.   ECF Doc. # 71 (RT) at 9:13-16.   While it is true that plaintiff styled her

12   disqualification motion as a "Request for Voluntary Recusal" (*see Robles v. Regents of the*

13   *University of California Berkeley*, Case No. 4:17-cv-03235-CW, ECF Doc. # 50) ("*Robles* I"),

14   Mr. Klayman later stated that the Court's Notice of Tentative Ruling on this motion "provides

15   further evidence that this Court suffers from extrajudicial bias and prejudice against" him.   ECF

16

17   Doc. # 50 at 2:4-6.

18   **IV.     Mr. Klayman's Certificate of Good Standing is Untimely and Deficient**

19       Mr. Klayman belatedly submitted a Certificate of Good Standing from the Supreme Court

20   of Florida.  *See* ECF Doc. # 71 p. 7.   However, this Certificate is dated January 4, 2018, four

21   months after the date on which Mr. Klayman filed his application to be admitted *pro hac vice*

22   with this Court on August 22, 2017.  *See* ECF Doc. # 2.   Therefore, the Certificate cannot cure

23   the defect in his application, which, pursuant to Local Rule 11-3, was required to be submitted

24   with a certificate of good standing issued *before* the date of the application, not after.

25   **V.     The Court Should Disregard the Untimely Declarations Submitted
         with the Supplemental Opposition**

26

27       Mr. Klayman claims (and belatedly submits evidence) that plaintiff Kiara Robles will lose

28   any chance at legal representation if his *pro hac vice* status is revoked.  *See* Doc. # 71, Exh. 3

4

(Affidavit of Kiara Robles) and Exh. 4 (Affidavit of Michael Kolodzi).  These affidavits are untimely and the Court should disregard them.  At the July 17, 2018 hearing, the Court limited Mr. Klayman to filing (1) "five pages of argument" and (2) post-May 23, 2018 documentation related to disciplinary proceedings in the D.C. Circuit or Florida.  ECF Doc. # 71, Ex. 2 (RT) at 5:12-17; 15:16-17. The affidavits do not fall into either of these two categories and should therefore be disregarded.

## VI.   The Court's Tentative Ruling Sets Forth Numerous Grounds Supporting Revocation

As the Court noted during the hearing on this matter, the Court's tentative ruling did not rely exclusively on the D.C. Bar suspension (which Mr. Klayman argues is "not final") or the Ninth Circuit's decision upholding the revocation of his *pro hac vice* status in the *Bundy* case (which Mr. Klayman argues, based on the dissenting opinion, is wrongly decided).  The Court's tentative ruling also notes that "[t]wo courts have banned Klayman from their courts for life" (ECF Doc. # 49 at 1:24) and the Florida Supreme Court reprimanded Mr. Klayman for violating four Florida rules of professional conduct. *Id*. at 5:24-25.  The Court also notes that Mr. Klayman violated this Court's local rules when he attempted to judge shop by immediately dismissing *Robles* I after the Court denied his recusal motion, and refiling "nearly identical facts and claims" in this case, without filing a motion to relate this case to *Robles* I, as required by Local Rule 3-12. ECF Doc. # 49 at 9:25 -10:8.  In short, there is ample material available to the Court to justify its tentative decision to revoke Mr. Klayman's *pro hac vice* admission.

## CONCLUSION

For all of the foregoing reasons, the Court should adopt its tentative ruling and grant the City's motion to revoke Mr. Klayman's *pro hac vice* status.

Dated: July 27, 2018                    Respectfully submitted:

BERKELEY CITY ATTORNEY'S OFFICE

By: _____/s/_____
      LYNNE S. BOURGAULT
      DEPUTY CITY ATTORNEY
      Attorneys for Defendant City of Berkeley

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

City of Berkeley's Response to Pltff's Supp. Opp. to Motion to Revoke Pro Hac Vice Admission of Larry Klayman
No. 4:17-cv-04864 CW