BRADLEY S. PHILLIPS (SBN 85263)
brad.phillips@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

BRYAN H. HECKENLIVELY (SBN 279140)
bryan.heckenlively@mto.com
ELIZABETH A. KIM (SBN 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

CHARLES F. ROBINSON (SBN 113197)
charles.robinson@ucop.edu
MARGARET L. WU (SBN 184167)
margaret.wu@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone:     (510) 987-9800
Facsimile:     (510) 987-9757

Attorneys for Defendants THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA, JANET
NAPOLITANO, AND NICHOLAS DIRKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KIARA ROBLES,<br><br>    Plaintiff,<br><br>    vs.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA (A.K.A. ANTIFA), et al.,<br><br>    Defendants. | Case No. 4:17-cv-04864 CW<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Judge:     Hon. Claudia Wilken<br><br>Trial Date:     None Set |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................1

II.   ARGUMENT .......................................................................................................................1

III.  CONCLUSION ....................................................................................................................4

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*In re Beverly Hills Bancorp*,
　752 F.2d 1334 (9th Cir. 1984) ............................................................................................. 1

*In re Bundy*,
　840 F.3d 1034 (9th Cir. 2016) ............................................................................................. 4

*Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*,
　428 F.3d 1175 (9th Cir. 2005) ............................................................................................. 1

*In re Complaint of Judicial Misconduct*,
　816 F.3d 1266 (9th Cir. 2016) ............................................................................................. 2

*Easley v. Univ. of Mich. Bd. of Regents*,
　906 F.2d 1143 (6th Cir. 1990) ............................................................................................. 2

*Harper v. Lugbauer*,
　2012 WL 734167 (N.D. Cal. Mar. 6, 2012) ......................................................................... 1

*Klayman v. Judicial Watch, Inc.*,
　278 F. Supp. 3d 252 (D.D.C. 2017) ..................................................................................... 2

*Larson v. C.I.A.*,
　2010 WL 4623923 (E.D. Cal. Nov. 5, 2010) ....................................................................... 2

*Leis v. Flynt*,
　439 U.S. 438 (1979) ............................................................................................................. 3

*Leslie v. Grupo ICA*,
　198 F.3d 1152 (9th Cir. 1999) ............................................................................................. 3

*Liteky v. United States*,
　510 U.S. 540 (1994) ............................................................................................................. 3

*Lunde v. Helms*,
　29 F.3d 367 (8th Cir. 1994) ................................................................................................. 2

*In re Martinez-Catala*,
　129 F.3d 213 (1st Cir. 1997) ............................................................................................... 2

*In re Mason*,
　916 F.2d 384 (7th Cir. 1990) ............................................................................................... 2

*Nichols v. Alley*,
　71 F.3d 347 (10th Cir. 1995) ............................................................................................... 1

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Sierra Club v. Simkins Indus., Inc.*,
    847 F.2d 1109 (4th Cir. 1988) ............................................................................................. 3

*Turner v. Rogers*,
    564 U.S. 431 (2011) ............................................................................................................ 3

*United States ex rel. Hochman v. Nackman*,
    145 F.3d 1069 (9th Cir. 1998) ............................................................................................. 2

*United States v. Johnson*,
    610 F.3d 1138 (9th Cir. 2010) ............................................................................................. 3

*United States v. Sibla*,
    624 F.2d 864 (9th Cir. 1980) ............................................................................................... 4

*United States v. Studley*,
    783 F.2d 934 (9th Cir. 1986) ............................................................................................... 3

*Wu v. Thomas*,
    996 F.2d 271 (11th Cir. 1993) ............................................................................................. 2

**FEDERAL STATUTES**

28 U.S.C. § 144 .................................................................................................................... 1, 3

28 U.S.C. § 455 .................................................................................................................... 3, 4

## I. INTRODUCTION

Plaintiff Kiara Robles ("Plaintiff") and her counsel Mr. Larry Klayman and Mr. Michael Kolodzi move for reconsideration of the Court's order granting the City of Berkeley's motion to revoke Mr. Klayman's *pro hac vice* status. (Dkts. 49, 85 ("Revocation Order").) Though The Regents of the University of California, Janet Napolitano, and Nicholas Dirks ("University Defendants") take no position on the revocation of Mr. Klayman's *pro hac vice* admission to this Court, the University Defendants oppose Plaintiff's frivolous arguments that Judge Wilken should have recused herself from this action or should be disqualified. Whether treated as a procedurally improper motion for reconsideration of this Court's prior order denying Plaintiff's request for voluntary recusal in *Kiara Robles v. The Regents of the University of California et al.*, No. 4:17-cv-03235-CW ("*Robles I*"), or as a new request for recusal or disqualification in the instant action, Plaintiff's motion should be denied. No reasonable person with knowledge of all of the facts would conclude that Judge Wilken's impartiality might reasonably be questioned, and Plaintiff fails to identify any cognizable legal or factual basis for recusal or disqualification.

## II. ARGUMENT

The law is clear that "a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he [or she] does to recuse when the law and facts require.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). Under 28 U.S.C. § 144, recusal is required whenever a judge has a "personal bias or prejudice" concerning a party. "The statute contemplates an objective standard requiring recusal whenever a reasonable person might question the judge's impartiality." *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Harper v. Lugbauer*, 2012 WL 734167, at *1 (N.D. Cal. Mar. 6, 2012) (internal quotation marks omitted). Plaintiff fails to carry this burden.

*First*, Plaintiff's argument that Judge Wilken should be disqualified based on her law school alma mater and/or the political affiliation of the president who appointed her is absurd and should be rejected. As this Court explained in denying Plaintiff's request for voluntary recusal in

1  *Robles I*, "[e]ven accepted as true, these circumstances do not create the appearance of a conflict
2  of interest." (*Robles I*, Dkt. 56 (citing *Larson v. C.I.A.*, 2010 WL 4623923, at *1 (E.D. Cal. Nov.
3  5, 2010)).)  Indeed, another court rejected precisely these same arguments when Mr. Klayman
4  made them elsewhere. *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 262–63 (D.D.C.
5  2017) (finding Mr. Klayman's arguments "nonsensical").  As the *Judicial Watch* court explained,
6  "the case law is clear that recusal is not warranted" based on the political party of the appointing
7  president. *Id.* at 263.  Courts have found no basis for recusal or disqualification even where the
8  judge previously "had a former *active* connection with a political party." *In re Martinez-Catala*,
9  129 F.3d 213, 221 (1st Cir. 1997) (emphasis added); *In re Mason*, 916 F.2d 384, 386–87 (7th Cir.
10 1990) ("Courts that have considered whether pre-judicial political activity is also prejudicial
11 regularly conclude that it is not.").

12        Nor does the fact that Judge Wilken attended the University of California, Berkeley School
13 of Law or taught there as an adjunct faculty member more than two decades ago demonstrate any
14 *objective* basis on which a reasonable person could question the Court's impartiality.  The Ninth
15 Circuit has held that "graduation from a university, prior service as an adjunct, and the receipt of
16 alumni awards do not create the appearance of impropriety.  Nor does service on an alumni board
17 when it does not create a fiduciary interest in pending litigation." *In re Complaint of Judicial*
18 *Misconduct*, 816 F.3d 1266, 1267–68 (9th Cir. 2016).  Based on this principle, courts have
19 repeatedly found it proper for judges to preside over matters involving their alma maters. *See*
20 *United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998) (no abuse of
21 discretion for failing to recuse in *qui tam* action alleging wrongdoing by USC School of Medicine
22 employees when judge was an alumnus of USC's law school and made annual contributions);
23 *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir. 1994) (same where judge was alumnus of
24 defendant-university's law school, made financial contributions, and had spoken at the university);
25 *Wu v. Thomas*, 996 F.2d 271, 274–75 & n. 7 (11th Cir. 1993) (per curiam) (same where judge was
26 alumnus of defendant-university, served as unpaid adjunct professor, and made an annual
27 contribution); *Easley v. Univ. of Mich. Bd. of Regents*, 906 F.2d 1143, 1145–46 (6th Cir. 1990)
28 (same where judge was alumnus of defendant-law school and member of alumni organization). *Cf.*

1  *also Sierra Club v. Simkins Indus., Inc*., 847 F.2d 1109, 1116-17 (4th Cir. 1988) (membership in
2  Sierra Club before joining the bench does not disqualify judge in litigation filed by the Sierra
3  Club); *id.* at 1117 ("[L]itigants are entitled to a judge free of personal bias, but not to a judge
4  without any personal history before appointment to the bench.").

5      *Second*, this Court's decision granting the City of Berkeley's motion to revoke Mr.
6  Klayman's *pro hac vice* status is insufficient to demonstrate bias.  It is beyond dispute that
7  "[a]dverse findings do not equate to bias." *United States v. Johnson*, 610 F.3d 1138, 1148 (9th
8  Cir. 2010).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
9  motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and for good reason:  if adverse
10 rulings alone were sufficient to demonstrate bias, every judge would be subject to disqualification
11 or recusal because one party will always suffer an adverse ruling.  That Plaintiff and Mr. Klayman
12 disagree with this Court's order revoking Mr. Klayman's *pro hac vice* status is "grounds for
13 appeal, not for recusal."  *Id.*; *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)
14 ("[A] judge's prior adverse ruling is not sufficient cause for recusal"); *Leslie v. Grupo ICA*, 198
15 F.3d 1152, 1160 (9th Cir. 1999) (allegations of bias based solely on judge's adverse rulings are not
16 an adequate basis for recusal).  Plaintiff asserts she will be unable to secure alternate counsel, but
17 even if that were the case, the Constitution does not require admission of Mr. Klayman *pro hac*
18 *vice*, nor does it guarantee Plaintiff counsel in this civil case.  *See Leis v. Flynt*, 439 U.S. 438, 443
19 (1979) (per curiam) ("[T]he Constitution does not require that because a lawyer has been admitted
20 to the bar of one State, he or she must be allowed to practice in another."); *Turner v. Rogers*, 564
21 U.S. 431, 441-42 (2011) ("[T]he Sixth Amendment does not govern civil cases.").

22     *Third*, Plaintiff's assertion that this Court made "many" "intentionally false or misleading
23 findings," is specious.  There is nothing inaccurate about the Court's findings.  But even if
24 Plaintiff were right about the inaccuracies, it would not demonstrate bias or provide a basis for
25 disqualification.  Plaintiff claims that the Court made a "patently false finding that Robles had
26 previously moved to disqualify her," when Plaintiff had instead moved for voluntary recusal.  But,
27 this is a distinction without difference.  As this Court noted in denying the request for voluntary
28 recusal under 28 U.S.C. § 455 in *Robles I*, "[t]he standards for disqualification or recusal under 28

U.S.C. §§ 144 and 455 are identical." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Plaintiff concedes as much in this very motion. (Mot. at 4.) Whether Plaintiff's frivolous attempts at judge-shopping are described as a motion for voluntary recusal or as a disqualification motion, the Court's ultimate conclusion is sound: "Klayman has demonstrated 'a pattern of disregard for local rules, ethics, and decorum; and he has demonstrated a lack of respect for the judicial process ….'" (Revocation Order at 10.) Plaintiff also argues that this Court failed to address the pending appeal of the D.C. Bar's recommendation that Mr. Klayman be sanctioned. Even if this could support a finding of bias (which it cannot), Plaintiff's assertion is factually inaccurate. (*See* Dkt. 85 ("[E]ven though the D.C. Bar's recommendation is still on appeal, its findings that Klayman violated Rules of Professional Responsibility were still instructive.").)

*Finally*, Plaintiff apparently misapprehends the precedential effect of a *dissenting* Ninth Circuit opinion. That Judge Gould disagreed with the majority in *Bundy* does not create an "incontrovertible finding[] of fact" that binds this Court, (Mot. at 7), much less demonstrate any basis for finding bias or partiality. *In re Bundy*, 840 F.3d 1034 (9th Cir. 2016). To the contrary, a published (and precedential) Ninth Circuit opinion held that there was a "very good reason" for the district court's decision denying Mr. Klayman's *pro hac vice* status: "although he had several opportunities to clear the record, Klayman was not forthcoming about the nature and status of" the ongoing disciplinary proceedings in the District of Columbia. *Id.* at 1044. Indeed, the majority noted that Mr. Klayman's unflattering record was "not one that the district court should ignore." *Id.* at 1046-47. This Court properly considered the very same record that the Ninth Circuit instructed district courts to regard. The appropriate consideration of binding precedent cannot reasonably be characterized as evidence of bias.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration should be denied insofar as it seeks to disqualify Judge Wilken.

| | | |
|---|---|---|
| DATED: September 27, 2018 | | MUNGER, TOLLES & OLSON LLP<br>　BRADLEY S. PHILLIPS<br>　BRYAN H. HECKENLIVELY<br>　ELIZABETH A. KIM |
| | | By:   */s/ Bryan H. Heckenlively*<br>　　　BRYAN H. HECKENLIVELY<br>Attorneys for The Regents of the University of California, Janet Napolitano, and Nicholas Dirks |