Farimah Brown, City Attorney, SBN 201227
Lynne S. Bourgault, Deputy City Attorney, SBN 180416
Jessica Mar, Deputy City Attorney, SBN 293394
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone:  (510) 981-6998
Facsimile:  (510) 981-6960
Email:  LBourgault@cityofberkeley.info

Attorneys for Defendant CITY OF BERKELEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>Plaintiff,<br><br>v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA (a.k.a. ANTIFA), CITY OF BERKELEY, ET AL.,<br><br>Defendants. | No.  4:17-cv-04864 CW<br><br>**DEFENDANT CITY OF BERKELEY'S OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER REVOKING PRO HAC VICE ADMISSION OF LARRY KLAYMAN;**<br><br>**JOINDER IN UNIVERSITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Date:  N/A<br>Time:  N/A |

### I. INTRODUCTION

Plaintiff Kiara Robles ("plaintiff") seeks an order granting leave to file a motion for reconsideration of the Court's August 31, 2018 Order revoking the *pro hac vice* admission of her lawyer, Larry Klayman. The Court should deny plaintiffs' motion for all of the reasons below. On August 31, 2018, this Court issued an order granting the City's motion to revoke the pro hac vice admission of Mr. Klayman. ECF Doc. # 86. In its Order, the Court adopted its tentative ruling on the City's *pro hac vice* motion, entered on May 23, 2018. ECF Doc. # 49. On September 13, 2018, plaintiff filed this motion requesting leave to file a motion for reconsideration of the Court's

August 31, 2018 Order.

## II. ARGUMENT

Plaintiff acknowledges that a party may seek reconsideration of an interlocutory court order only when the requirements of Local Rule 7-9(b) are met. Plaintiff asserts that there has been "a manifest failure by the Court to consider material facts or dispositive legal arguments presented before the entry of judgment." ECF Doc. # 87 at 3:10-17. A court does not abuse its discretion in denying a motion for reconsideration when the moving party has failed to present any "arguments which the court has already considered and rejected." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

### A. The Court Did Not Fail to Consider the Plaintiff's Argument That No Other Lawyer Would Represent Her

Plaintiff asserts that the Court failed to consider sworn affidavits by plaintiff and her counsel Mr. Kolodzi (ECF Doc. # 71) in which they argue that plaintiff's case will not be able to proceed without Mr. Klayman. ECF Doc. # 87:5:27-6:12. In fact, the Court did consider the issue raised by the affidavits of plaintiff and her local counsel, Mr. Kolodzi. At the July 17, 2018 hearing on the motion to revoke *pro hac vice* status, plaintiff's counsel, Mr. Klayman, argued that "[t]here is no one else that will represent [plaintiff] except me in practice." ECF Doc. # 87-1 at 7:20-24. In response, the Court stated, "Well, your local counsel is going to have to represent her if your pro hac vice status is revoked . . . [ ] If he isn't able to do that, he'll have to move to withdraw and she'll have to find a new lawyer." *Id* at 7:25-8:4. Mr. Klayman then argued extensively that plaintiff would have difficulty finding a new lawyer. (ECF Doc. #87-1 at 8:5-9:15). The Court rejected this argument in entering an Order that "Robles' remaining counsel, Michael Kolodzi, shall continue to represent her." ECF Doc. # 86 at 1:25-26. Thus, plaintiff's argument that the Court "manifestly failed to consider" the affidavits of plaintiff and Mr. Kolodzi is without merit.

///

### B. The Court Considered and Rejected Mr. Klayman's Argument That He Has Never Been Sanctioned

Plaintiff claims the Court did not consider Mr. Klayman's argument that he "has <u>never been sanctioned</u> by the District of Columbia Bar" (ECF Doc. # 87 at 6:20-22, emphasis in original). The Court's Order expressly rejected this argument, stating, "even though the D.C. Bar's recommendation is still on appeal, its findings that Klayman violated Rules of Professional Responsibility were still instructive." ECF Doc. # 86 at 1:21-24.

### C. The Court Considered and Rejected Mr. Klayman's Argument That the Dissenting Opinion in Bundy Is Controlling

Plaintiff asserts that the Court did not consider the dissenting opinion in the case *In re Bundy*, 840 F.3d 1034, 1054 (9th Cir. 2016). ECF Doc. # 87 at 7:15-28. However, plaintiff's own motion *admits* that the Court considered the dissenting opinion by Judge Gould, and even cites to the portion of the Court's Order where it states it "found the reasoning of the majority opinion to be more persuasive." *Id*. at 7:15-16; *see also* ECF Doc. # 86 at 1:17-21. Thus, the Court should reject plaintiff's argument that there was a "manifest failure by the Court to consider" the dissenting Opinion in *In Re Bundy*.

### D. The City Joins in the UC Defendants' Opposition to Plaintiff's Request to Disqualify Judge Wilken

Defendants Regents of the University of California, Janet Napolitano, and Nicholas Dirks have filed an Opposition to Plaintiff's Motion for Reconsideration, addressing the myriad reasons the Court should reject plaintiff's motion to the extent it requests the Court reconsider plaintiff's request for recusal and/or renewed motion to disqualify Judge Wilken. The City hereby joins in that opposition.

///

///

**III.  CONCLUSION**

For all of the foregoing reasons, the Court should deny plaintiff's motion for leave to file a motion for reconsideration.

Dated: September 27, 2018           Respectfully submitted:

                                          BERKELEY CITY ATTORNEY'S OFFICE

                                          By: _____/s/_____
                                              LYNNE S. BOURGAULT
                                              DEPUTY CITY ATTORNEY
                                           Attorneys for Defendant City of Berkeley