MICHAEL D. KOLODZI (CAL. BAR NO. 255772)
THE KOLODZI LAW FIRM
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: 310.279.5212
Facsimile: 866.571.6094
Email: mdk@mdklawfirm.com

LARRY E. KLAYMAN (D.C. BAR NO. 334581)
KLAYMAN LAW GROUP, PA
2020 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Telephone: 561.558.5536
Email: leklayman@gmail.com

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>        Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, BERKELEY, et al.<br><br>        Defendants. | Case No.: 4:17-cv-04864<br><br>**MOTION FOR LEAVE TO FILE SUPPLEMENT TO MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER REVOKING LARRY KLAYMAN'S PRO HAC VICE AND TO DISQUALIFY THE HONORABLE CLAUDIA WILKEN UNDER 28 U.S.C. § 144 AND CERTIFICATION OF THESE DECISIONS TO THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT AND [PROPOSED] ORDER**<br><br>**Date: November 20, 2018**<br>**Time: 2:30 p.m.** |

**SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND TO DISQUALIFY AND CERTIFICATION OF THESE DECISIONS TO THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT AND TO STAY PENDING ANY APPEAL**

PLEASE TAKE NOTICE that on November 20, 2018, at 2:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Claudia Wilken ("Judge Wilken"), located at 1301 Clay Street, Oakland, CA., Plaintiff Kiara Robles ("Robles" or "Plaintiff") will and hereby does move for an order granting leave to file a supplement to a motion for reconsideration of this Court's Order of August 31, 2018 revoking Larry Klayman's *pro hac vice* admission pursuant to LCvR 7-9 and to disqualify Judge Wilken under 28 U.S.C. § 144. This motion also seeks certification to the U.S. Court of Appeals for the Ninth Circuit on the issues of disqualification and the revocation of Mr. Klayman's *pro hac vice* admission. This motion is made based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and papers before this Court, and any oral argument that may be presented to this Court. This motion is a supplement to Plaintiff's prior motion [Dkt. # 87] and is incorporated herein fully by reference.

### STATEMENT OF RELIEF SOUGHT

Robles seeks an order granting leave to file this supplement to the motion for reconsideration of this Court's Order of August 31, 2018 revoking Larry Klayman's pro hac vice admission pursuant to LCvR 7-9 and, alternatively, an order disqualifying Judge Wilken pursuant to 28 U.S.C. § 144. This motion is a supplement to Plaintiff's prior motion [Dkt. # 87] and is incorporated herein fully by reference. This motion also seeks certification to the U.S. Court of Appeals for the Ninth Circuit on the issue of disqualification and revocation of Mr. Klayman's *pro hac vice* admission should this Court rule against Plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Robles hereby respectfully requests leave to file a supplement to her motion for reconsideration of this Court's order of August 31, 2018 revoking the *pro hac vice* status of her counsel of choice, Mr. Larry Klayman ("Mr. Klayman") on the grounds that there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment." LCvR 7-9(3). Based on the same facts, Robles also seeks to disqualify the Court pursuant to 28 U.S.C. § 144 based on demonstrable bias against herself and her chosen counsel, Mr. Klayman and Michael Kolodzi ("Mr. Kolodzi"). This Court has knowingly relied on false statements as set forth and manifested in her tentative ruling and failed to correct them in order to find a way to revoke Mr. Klayman's *pro hac vice* admission, due to her personal, political and other biases, which have severely prejudiced Robles to the point where her constitutional due process rights have been effectively extinguished.

This extrajudicial bias and prejudice is demonstrated and thus manifest in the Court's false findings of fact set forth in both its tentative ruling and final order, which incorporated the tentative ruling, despite these falsehoods having been pointed out in Robles' pleading and at oral argument on July 17, 2018. *See* Exhibit 1. The Court has steadfastly refused to correct the record. The Court has also ignored sworn affidavits from Robles and Mr. Kolodzi, stating that this case cannot proceed without Mr. Klayman, thus effectively extinguishing Plaintiff's rights and terminating this case.

Lastly, Robles moves for certification of the issues of disqualification and the revocation of her counsel of choice's *pro hac vice* admission.

### II.    ARGUMENT

####   A.    THIS COURT HAD A DUTY TO PROCEED NO FURTHER IN RULING ON DISPOSITIVE MOTIONS WHEN PLAINTIFF FIILED A MOTION

**FOR DISQUALIFICATION.**

On September 13, 2018, Robles filed, *inter alia*, a motion for disqualification [Dkt. # 87]. *Only a day later*, but after the filing of the disqualification motion, the Court ruled on Berkeley's Motion to Dismiss the Amended Complaint [Dkt. # 88]. It is black letter law that a judge should not rule on a dispositive motion while a motion to disqualify is pending before it.

In *Connelly v. United States Dist. Court*, defendant petitioned for a writ of prohibition to prevent respondent judge, who had made disparaging remarks to defense counsel concerning his client's representation of communists, from acting on defendant's motion for release on bail pending the trial in the district court pursuant to 28 U.S.C. § 144. *Connelly v. United States Dist. Court*, 191 F.2d 692, 693 (9th Cir. 1951). Defendant, accused of being part of a communist conspiracy, filed an affidavit pursuant to 28 U.S.C. § 144 for the recusal of respondent judge based on informal remarks made to defense counsel. *Id*. The court granted defendant's petition and ordered the judge to take "no action" regarding bail or in connection with his prosecution under an indictment. *Id*. at 697. "There are several other district judges available to hear and determine petitioner's motion for reduction of bail. Here are applicable the words of the Berger opinion . . . for of what concern is it to a judge to preside in a particular case; of what concern to other parties to have him so preside? Such queries apply a fortiori in this prosecution of alleged Communists, likely to excite the widest public attention." *Id* ("Whenever a party a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, **such judge shall proceed no further therein**, but another judge shall be assigned to hear such proceeding."). *Id*. at *2 (emphasis added); *see also United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980) (same).

Here, notwithstanding the merits of Robles' disqualification motion, upon the filing of it

and sworn affidavits, this Court had a duty to "proceed no further" and assign Defendant Berkeley's Motion to Dismiss to another judge. Yet, despite this well-settled law, the Court took it upon itself to grant Defendant Berkeley's motion in furtherance of its extrajudicial bias and prejudice to severely harm Robles and her counsel in favor of her alma mater and former employer, Berkeley.

**B.    IF THIS COURT FAILS TO DISQUALIFY ITSELF OR RULE IN FAVOR OF PLAINTIFF ON HER MOTION FOR RECONSIDERATION OF THE *PRO HAC VICE* ADMISSION OF LARRY KLAYMAN, PLAINTIFF RESPECTFULLY REQUESTS IT CERTIFY ITS DECISIONS TO THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT.**

**1.    Legal Standard for Certification.**

Pursuant to 28 U.S.C. § 1292(b), this Court may certify appeal of an interlocutory order if the judge is "of the opinion" that (1) the order involves "a controlling question of law", (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there "is substantial ground for difference of opinion" as to the question of law. Certification should be used in cases where "decision of an interlocutory appeal might avoid protracted and expensive litigation." *Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

An issue involves a "controlling question of law" under 28 U.S.C. § 1292(b) if the "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antigrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The controlling law is unclear where the matter certified for appeal "involves an issue over which reasonable judges might differ," and where uncertainty over the certified matters "provides a credible basis for a difference of opinion." *Reese v. BP Exploration (Alaska), Inc.*, No. 10-35128, 2011 WL 2557238, at *5 (9th Cir. June 29, 2011) (citations omitted). Finally, to

determine whether an issue on appeal would "materially advance the litigation," courts need not find "that the interlocutory appeal [would] have a final, dispositive effect on the litigation." *Reese*, 2011 WL 2557238, at *5. It is sufficient that a court find that a reversal of the underlying issue "may" take parties or claims out of the case. *Id*.

### 2.    Certification of Disqualification Motion.

Certification is warranted on the issue of whether this Court should recuse or disqualify itself. An impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the U.S. Constitution and is an integral part of maintaining the public's confidence in the judicial system. *Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972); *see also Marshal v. Jerrico*, Inc., 446 U.S. 238, 243 (1980) (The U.S. Constitution guarantees a party an impartial and disinterested tribunal in civil cases.). To ensure that this right is protected, Congress has sought to secure the impartiality of judges by requiring them to step aside, or in some circumstances, disqualify themselves, in various circumstances.

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. This statute is unambiguous – if the requirements are met, another judge must be assigned to take over the case.

> The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge. The judge is a silent defendant, unable to make findings on the truth or falsity of the affiant's allegations, and truth must be presumed. *United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C. 1965) (emphasis added); and the allegations may be based upon information and belief, *Berger v. United States*, 255 U.S. 22, 34 (1920).

*Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook Railroad Co.*, 380 F.2d 570, 576 (D.C. 1967) (emphasis added). As evidence of the absolute requirement of impartiality from judicial officers, the U.S. Courts of Appeals for the Fifth, First, Sixth, Tenth, and Eleventh Circuits have said that close questions should be decided in favor of recusal. See Republic of Pan v. American Tobacco Co., 217 F.3d 343, 347 (5th Cir. 2000); *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

"The test for personal bias or prejudice in [S]ection 144 is identical to that in Section 455(b)(1), and the decisions interpreting this language in [S]ection 144 are controlling in the interpretation of Section 455(b)(1)." *Sibla*, 624 F.2d at 867. In *Liteky v. United States*, the U.S. Supreme Court held that if the judge succumbs to extrajudicial influence, he or she is subject to such a motion. Even more, in the absence of an extrajudicial influence, judicial rulings coupled with the requisite "degree of favoritism or antagonism" can serve as the basis for such a motion even "when no extrajudicial source is involved." *Id*. Last, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" constitute a basis for such a motion if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

This Court has exhibited a pattern and practice of manifestly exhibiting through patently and intentionally false or misleading factual findings extrajudicial bias and prejudice towards Robles and her counsel of choice, Mr. Klayman and Mr. Kolodzi, that requires disqualification under the express provisions of 28 U.S.C. § 144. This extrajudicial bias likely stems from her past connection with and affinity to U.C. Berkeley, a Defendant in this case and where the Court attended law school and taught for many years, *until the Court dismissed U.C. Berkeley as a*

*Defendant while a motion to disqualify her remained and still remains pending.* This act alone requires recusal and interlocutory appeal on the issue of whether a Court can rule on a dispositive motion when a motion to disqualify him or her is pending. This extrajudicial bias has undoubtedly caused the Court to revoke the *pro hac vice* admission of Robles' counsel of choice, Mr. Klayman, based on demonstrably false or misleading findings of fact that had previously been clarified on the record. Yet, nonetheless, the Court intentionally adopted her final ruling. This has effectively extinguished Robles' Fifth Amendment constitutional right to due process and Sixth Amendment right by leaving her without counsel. This also prejudices Mr. Kolodzi by putting him in ethical jeopardy and could effectively bankrupt him.

This issue must be certified because whether this Court remains on the case is a controlling question of law. The Court's demonstrable extrajudicial bias and prejudice – not the least of which is evidenced by its granting Defendant Berkeley's Motion to Dismiss [Dkt. # 88] before it ruled on its own disqualification motion with supported affidavits and sworn testimony – will definitely affect the outcome of the litigation in the district court. Appealing the order would certainly advance the ultimate termination of litigation because this Court is bent on taking parties and claims out of the case based on its extrajudicial bias and prejudice. Indeed, it already has taken Berkeley out of the case. And lastly, this issue "involved an issue over which reasonable judges might differ[.]" *Reese*, 2011 WL 2557238, at *5.

### 3.      Certification of Larry Klayman's *Pro Hac Vice* Admission.

Certification is also warranted for the decision to revoke Mr. Klayman's *pro hac vice* admission. The Court consciously disregarded Robles' Fifth Amendment due process rights and Sixth Amendment rights by way of her revoking Mr. Klayman's *pro hac vice* admission, insofar as there are sworn affidavits on the record from both Robles and Mr. Kolodzi, Dkt. # 71; Ex. 3-4, swearing that this case would not be able to proceed without Mr. Klayman. In her declaration,

Robles swears:

> If Mr. Klayman is not permitted to represent me, I am certain, given my past efforts, that I cannot find another attorney to represent me, since Mr. Klayman is representing me pro bono and because of the risks involved with prosecuting this case given Antifa's very violent actions which harmed me physically and emotionally. In this event, I will be unable to proceed with this case and I will lose all of my rights.

In the same regard, Mr. Kolodzi swears, "[s]hould this Court revoke Mr. Klayman's *pro hac vice* status, I will be unable to continue representation of Plaintiff Kiara Robles on m own, due to a lack of available time and resources." Yet, despite all of this, this Court completely ignored these sworn testimonies in her Order on Motion to Revoke *Pro Hac Vice*, and incredibly states: "Robles' remaining counsel, Michael Kolodzi, shall continue to represent her." Dkt. # 86. It is evident that this Court has failed to consider material facts, which would warrant reconsideration. Holding otherwise would mean that this Court has decided to sua sponte force dismissal of Robles' claims and make a case-determinative ruling in favor of Defendants. This demonstrates a strong extrajudicial bias against Robles and her counsel, Mr, Klayman and Mr. Kolodzi, that requires disqualification. Indeed, judges examining a Section 144 affidavit are precluded from evaluating the truth of falsity of the facts alleged by instead must accept all of them as true. *See, e.g., Berger v. United States*, 255 U.S. 22. 36 (1921); *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982); *Hodgson v. Liquor Salesmen's Union Local No. 2*, 444 F.2d 1344, 1348 (2d Cir. 1971).

Furthermore, the Court based her ruling on numerous other false and misleading findings of facts, and despite being presented with the correct facts, still chose to adopt these falsities in her final ruling. The hard fact remains that Mr. Klayman has never been sanctioned by the District of Columbia Bar and has continuously been a member in good standing for 36 years. Robles addressed any confusion on the record stating:

> The recommendation of the hearing committee in the Judicial Watch matter

before the District of Columbia Bar ("D.C. Bar"), which is referenced in the Bundy Order, is just that – a recommendation. When the matter went up on appeal to the Board of Professional Responsibility of the D.C. Bar (the "Board"), the Board in its recommendation found that Mr. Klayman had not testified falsely during the prior hearing. In fact, Berkeley has also failed to tell the Court that even the Board's recommendation is not final, as the matter is on appeal to the District of Columbia Court of Appeals. Even more egregiously, when Mr. Klayman pointed this out on the court record, Berkeley failed to withdraw its misstatements and today these misrepresentations remain uncorrected, even after the recent hearing of July 17, 2018 before this Court.

Robles presented similar arguments to the Court during the previous hearing on July 17, 2018; *see* Exhibit 1, incorporated herein by reference. Despite this, this Court, while acknowledging the appeal of the simple recommendation of the hearing committee, still adopted the recommendations to the District of Columbia Board of Professional Responsibility as dispositive law, <u>absent</u> any final ruling. The Court inserted herself as the judge, jury, and executioner and usurped the role of the District of Columbia Court of Appeals to presume Mr. Klayman guilty until proven innocent. This contravenes the most basic and fundamental principle of the legal system, which requires an order granting reconsideration, is evidence of extrajudicial bias and animus that requires disqualification, and if the Court fails to rule favorably, certification to the U.S. Court of Appeals of the Ninth Circuit is not only warranted, but required.

The Honorable Jay Bybee of the U.S. Court of Appeals of the Ninth Circuit adopted the finding of the lower court and thus relied upon the erroneous finding of the lower court with regard to the District of Columbia Bar proceeding to affirm the denial of Mr. Klayman's *pro hac vice* application. This Court's final ruling also used this erroneous finding, where it held that it "found the reasoning of the majority opinion to be more persuasive." [Dkt. # 86]. However, this cannot change the simple fact that the Honorable Ronald M. Gould ("Judge Gould"), in his forceful dissent, made the incontrovertible findings of fact that this Court had no choice but to accept. The most crucial of which was that "[t]here is a disciplinary proceeding pending before the District of Columbia Board of Professional Responsibility that was filed almost 8 years ago .

. .” *Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1054 (9th Cir. 2016). Mr. Klayman legitimately opined at the time that '[t]he matter is likely to be resolved in my favor" and points out that "there had been no disciplinary action." Judge Gould further made the clear finding that 'Klayman properly disclosed the ongoing disciplinary proceeding in his initial application for *pro hac vice* admission, saying that the proceeding had not yet been resolved. **This disclosure was accurate**." *Id*. (emphasis added). This factual determination that Mr. Klayman had not made any misrepresentations, made by an esteemed member of the Ninth Circuit, was apparently *summarily ignored by this Court*. This again warrants reconsideration and also shows strong judicial bias and prejudice that requires recusal.

The analysis for certification is straightforward and airtight. This Court's order revoking Mr. Klayman's *pro hac vice* admission involves a controlling question of law (resolution of the issue on appeal will affect the outcome of the litigation in the district court because Plaintiff has sworn that she will lose her rights, as she will not be able to find another attorney to represent her); appealing the order will materially advance the ultimate termination of the litigation (a reversal of the underlying issue will take counsel out of the case); and there is substantial ground for difference of opinion as already proven by Judge Gould's forceful dissent. This matter clearly "involves an issue over which reasonable judges might differ[.]" *Reese*, 2011 WL 2557238, at *5.

## III.   CONCLUSION

Based on the foregoing, Robles respectfully requests that this Court grant Robles leave to file a motion for reconsideration and disqualification pursuant to 28 U.S.C. § 144 and vacate all of its previous orders, including its grant of Defendant Berkeley's Motion to Dismiss. Regrettably, based on her apparent desire to effectively end this case, thereby protecting the Berkeley Defendants, where this Court attended law school and taught as a professor for many

years, this Court has demonstrated a strong extrajudicial bias and prejudice towards Robles, Mr. Klayman and Mr. Kolodzi that makes fair adjudication impossible.

Not only has this Court effectively stripped Robles of her constitutional due process rights by depriving her of her counsel of choice, so as to hand the Defendants the "win," it has done so under numerous false findings of fact that were corrected by Robles but were ultimately adopted and relied upon regardless. This contravenes Robles' right to a "neutral and detached judge" as protected by the U.S. Constitution. *Ward*, 409 U.S. at 61-62. This Court therefore now must be disqualified and all of its prior orders vacated. If not, Robles respectfully requests that these issues be certified immediately to the U.S. Court of Appeals for the Ninth Circuit and this stayed pending any appeal.

DATED:  October 2, 2018                    Respectfully submitted,


                                           //Michael D. Kolodzi
                                           Michael D. Kolodzi
                                           THE KOLODZI LAW FIRM
                                           433 North Camden Drive, Suite 600
                                           Beverly Hills, California 90210
                                           Telephone: 310.279.5212
                                           Facsimile: 866.571.6094
                                           Email: mdk@mdklawfirm.com


                                           Larry Klayman, Esq.
                                           FREEDOM WATCH. INC.
                                           2020 Pennsylvania Ave N.W. #345
                                           Washington, D.C. 20006
                                           Tel: (561) 558-5336
                                           Email: leklayman@gmail.com

                                           Of Counsel

1  MICHAEL D. KOLODZI (CAL. BAR NO. 255772)
   THE KOLODZI LAW FIRM
2  433 North Camden Drive, Suite 600
   Beverly Hills, California 90210
3  Telephone: 310.279.5212
   Facsimile: 866.571.6094
4  Email: mdk@mdklawfirm.com

5
   LARRY E. KLAYMAN (D.C. BAR NO. 334581)
6  KLAYMAN LAW GROUP, PA
   2020 Pennsylvania Avenue NW, Suite 800
7  Washington, DC 20006
   Telephone: 561.558.5536
8  Email: leklayman@gmail.com

9
   Of Counsel
10
11                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
   KIARA ROBLES,                          Case No.: 4:17-cv-04864
13
                Plaintiff,
14
   v.
15                                         **[PROPOSED] ORDER GRANTING
   THE REGENTS OF THE UNIVERSITY OF        MOTION FOR LEAVE TO FILE
   CALIFORNIA, BERKELEY, et al.            SUPPLEMENT TO MOTION FOR
16                                         RECONSIDERATION OF THIS
                Dfendants.                 COURT'S ORDER REVOKING LARRY
17                                         KLAYMAN'S PRO HAC VICE AND TO
                                           DISQUALIFY THE HONORABLE
18                                         CLAUDIA WILKEN UNDER 28 U.S.C. §
                                           144 AND CERTIFICATION OF THESE
19                                         DECISIONS TO THE U.S. COURT OF
                                           APPEALS FOR THE NINTH CIRCUIT**
20

21       Plaintiff Kiara Robles moved for leave to supplement the motion for reconsideration of

22  this Court's order revoking Larry Klayman's *pro hac vice* admission and to disqualify the

23  Honorable Claudia Wilken. Plaintiff also moved for certification of these decisions to the U.S.

24  Court of Appeals for the Ninth Circuit. The Court considered the motion and argument of the

25  parties.

26       1.      Plaintiff's motion for leave to supplement is GRANTED, and Plaintiff's motion

27  for reconsideration and to disqualify is GRANTED.

28       2.      Alternatively, Plaintiff's Motion for Certification and Stay is GRANTED.

1

2    Dated: _____                    _____

3                                                        Hon. Claudia Wilken

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28