BRADLEY S. PHILLIPS (SBN 85263)
brad.phillips@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

BRYAN H. HECKENLIVELY (SBN 279140)
bryan.heckenlively@mto.com
ELIZABETH A. KIM (SBN 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

CHARLES F. ROBINSON (SBN 113197)
charles.robinson@ucop.edu
MARGARET L. WU (SBN 184167)
margaret.wu@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone:     (510) 987-9800
Facsimile:      (510) 987-9757

Attorneys for Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, JANET NAPOLITANO, AND NICHOLAS DIRKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KIARA ROBLES, <br><br> Plaintiff, <br><br> vs. <br><br> IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA (A.K.A. ANTIFA), et al., <br><br> Defendants. | Case No. 4:17-cv-04864 CW <br><br> **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION** <br><br> Judge:     Hon. Claudia Wilken <br><br> Trial Date:     None Set |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Judge Wilken Properly Decided the Then-Pending Motions to Dismiss....................1

    B. Plaintiff Cannot Satisfy the Requirements for Certification Pursuant to Section 1292(b) .........................................................................................................3

III. CONCLUSION .....................................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Berman v. Knife River Corp.*,
  2014 WL 12647735 (N.D. Cal. July 31, 2014) ................................................................. 3, 4

*Brooks v. Motsenbocker Advanced Devs., Inc.*,
  2009 WL 10671993 (S.D. Cal. May 15, 2009) ..................................................................... 4

*In re Cement Antitrust Litig. (MDL No. 296)*,
  673 F.2d 1020 (9th Cir. 1981) .............................................................................................. 3, 4

*Cole v. United States Dist. Ct. for Dist. of Idaho*,
  366 F.3d 813 (9th Cir. 2004) ................................................................................................. 4, 5

*Connelly v. United States Dist. Court in & for the S. Dist. of Cal.*,
  191 F.2d 692 (9th Cir. 1951) .................................................................................................... 2

*Couch v. Telescope, Inc.*,
  611 F.3d 629 (9th Cir. 2010) ..................................................................................................... 4

*Fukuda v. Los Angeles Cnty.*,
  630 F. Supp. 228 (C.D. Cal. 1986) ........................................................................................... 3

*Shurance v. Planning Control Int'l, Inc.*,
  839 F.2d 1347 (9th Cir. 1988) ................................................................................................... 4

*Tsyn v. Wells Fargo Advisors, LLC*,
  2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ........................................................................ 3

*United States v. Azhocar*,
  581 F.2d 735 (9th Cir. 1978) ..................................................................................................... 2

*United States v. Bennett*,
  539 F.2d 45 (10th Cir. 1976) ..................................................................................................... 2

*United States v. Sibla*,
  624 F.2d 864 (9th Cir. 1980) ................................................................................................. 1, 2

**FEDERAL STATUTES**

28 U.S.C. § 455 ............................................................................................................................ 3

28 U.S.C. § 1292(b) ........................................................................................................ 1, 3, 4, 5

## I. INTRODUCTION

As set forth in the opposition filed by The Regents of the University of California, Janet Napolitano, and Nicholas Dirks (the "University Defendants") (Dkt. 90), Plaintiff's motion for reconsideration[1] is without merit. Plaintiff's supplemental filing (Dkt. 92) does not change that, and the motion should be denied.

## II. ARGUMENT

The University Defendants have already refuted each one of Plaintiff's meritless arguments for why Judge Wilken should be disqualified or should have recused herself. (Dkt. 90 at 1-4). Rather than address the arguments set forth in the University Defendant's opposition (or the opposition filed by the City of Berkeley (Dkt. 91)) in a reply brief, Plaintiff instead asserts in this new filing that (1) Judge Wilken should not have decided the motions to dismiss while Plaintiff's motion for reconsideration was pending because it included a request to disqualify Judge Wilken, and (2) this Court should certify for interlocutory appeal under 28 U.S.C. § 1292(b) its revocation of Mr. Larry Klayman's *pro hac vice* admission and Judge Wilken's failure to recuse herself. Once again, Plaintiff has failed to identify any authority in support of her assertions.

### A. Judge Wilken Properly Decided the Then-Pending Motions to Dismiss

Judge Wilken was not required to recuse herself or refer Plaintiff's recusal request to another judge merely because Plaintiff filed a "disqualification motion." Nor did Plaintiff's submission of a recusal motion require Judge Wilken to delay ruling on the then-pending motions to dismiss. As a threshold matter, a judge need not refer a recusal motion to another judge unless a party submits *both* a request for recusal and a legally sufficient affidavit demonstrating the basis for recusal. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit."); *id.* at 868 ("If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under section 144."). Here, Plaintiff failed to submit an affidavit that "specifically

---

[1] Again, the University Defendants take no position on the revocation of Mr. Klayman's *pro hac vice* admission to this Court.

1  alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed
2  toward a party that stems from an extrajudicial source." *Id.*  Instead, Plaintiff submitted an
3  affidavit from Plaintiff regarding her difficulties in securing counsel other than Mr. Klayman (Dkt.
4  87-2) and an affidavit from Mr. Kolodzi averring that he would be "unable to continue
5  representation of Plaintiff" on his own (Dkt. 87-3).  Neither affidavit purported to set forth any
6  specific factual allegations "tending to show personal bias stemming from an extrajudicial
7  source."  *Silba*, 624 F.2d at 868; *see also United States v. Bennett*, 539 F.2d 45, 51 (10th Cir.
8  1976) ("We must agree with the trial court that the affidavit was insufficient.  It lacked facts
9  having the tendency to show personal bias and prejudice and contained only insufficient
10  conclusions.").  Judge Wilken was therefore not required to refer the motion to another judge,
11  much less stay all proceedings pending a ruling on the motion to disqualify.
12         Plaintiff cites *Connelly v. United States Dist. Court in & for the S. Dist. of Cal.*, 191 F.2d
13  692 (9th Cir. 1951), but that case is procedurally and substantively inapposite.  In *Connelly*, a
14  criminal defendant sought a writ of prohibition to prevent the judge from ruling on his motion to
15  reduce bail.  *Id.* at 693.  The defendant submitted an affidavit describing the judge's explicit
16  statements to defense counsel demonstrating "clearly personal" bias against the defendant.  *Id.* at
17  694-95 ("Petitioner … filed with the respondent judge the affidavit of himself and the eleven other
18  indicted persons alleging certain facts respecting the statements of the respondent judge."); *see*
19  *also id.* at 695 (discussing "admitted facts" demonstrating bias).  *Connelly* thus stands for the basic
20  proposition that once a party submits a *legally sufficient* affidavit, a judge should "proceed no
21  further" and refer the request for recusal to another judge.  *Id.* at 694 n.2 (citation omitted).  Even
22  if Plaintiff had submitted an affidavit asserting bias or prejudice (which she did not), Judge
23  Wilken would still be entitled to determine in the first instance whether the affidavit was sufficient
24  as a matter of law.  *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  "Only after the
25  legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no
26  further' in the case."  *Id.*  For the reasons set forth in the University Defendant's opposition to
27  Plaintiff's motion for reconsideration, it is implausible that Plaintiff could have averred any
28  specific facts demonstrating Judge Wilken's bias or prejudice against her.  (*See* Dkt. 90 at 1-4.)

Judge Wilken therefore properly continued to preside over this case and to decide the motions to dismiss.

### B. Plaintiff Cannot Satisfy the Requirements for Certification Pursuant to Section 1292(b)

Neither this Court's order revoking Mr. Klayman's *pro hac vice* admission nor Judge Wilken's purported failure to recuse satisfies the high standard for certification of an interlocutory order under section 1292(b).

A district court may certify an interlocutory order for appeal if each of the following three criteria are met: (1) there is a "controlling question of law," (2) there are "substantial grounds for difference of opinion," and (3) an immediate appeal would "materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Certification pursuant to section 1292(b) should be "used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* Accordingly, "[t]he party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *Fukuda v. Los Angeles Cnty.*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (citation omitted). "Even where the statutory criteria of § 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'" *Tsyn v. Wells Fargo Advisors, LLC*, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016) (citation omitted). Here, Plaintiff fails to satisfy the three statutory criteria and cannot demonstrate "exceptional" circumstances warranting certification.

*First*, "the Ninth Circuit has already evaluated the question of whether 28 U.S.C. § 455," the judicial disqualification statute subject to the same standard as recusal, "implicates a controlling question of law and determined that it does not." *Berman v. Knife River Corp.*, 2014 WL 12647735, at *1 (N.D. Cal. July 31, 2014) (denying section 1292(b) certification of denial of motion for recusal (citing [Ninth Circuit case])); *see also In re Cement Antitrust Litig.*, 673 F.2d at 1026-27 (trial judge's recusal "must be viewed as collateral"). The Ninth Circuit has also held that a "motion for disqualification [of counsel] similarly fails to present a controlling question of

law," because it is also collateral to the merits. *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988); *see also Cole v. United States Dist. Ct. for Dist. of Idaho*, 366 F.3d 813, 817 n.4 (9th Cir. 2004) (denying mandamus relief for order revoking *pro hac vice* admission and noting that "[c]ourts have held that attorney disqualification motions (and orders) are collateral to the ultimate resolution of the litigation, and are thus not generally proper for certification."); *Brooks v. Motsenbocker Advanced Devs., Inc.*, 2009 WL 10671993, at *4 (S.D. Cal. May 15, 2009) (denying section 1292(b) certification of discovery and attorney disqualification orders).

*Second*, there is no ground for difference of opinion here, much less a "substantial ground" for difference of opinion. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As discussed *infra*, the controlling law on recusal is clear: Judge Wilken was required to refer Plaintiff's request for recusal to another judge and "proceed no further" if, and only if, Plaintiff submitted a legally sufficient affidavit demonstrating Judge Wilken's personal bias or prejudice. Plaintiff failed to do so here. Moreover, while the University Defendants take no position on the merits of the order revoking Mr. Klayman's *pro hac vice* admission, Plaintiff's "strong disagreement" with the Court's order is insufficient to demonstrate a "substantial ground for difference" as a matter of law. *Id.*

*Third*, an immediate appeal of Plaintiff's unfounded request that Judge Wilken recuse herself would not materially advance the ultimate termination of this litigation, as this issue is completely separable from the merits of Plaintiff's purported claims. *See Berman*, 2014 WL 12647735, at *1 (recusal decision "could in no way materially affect the eventual outcome of the litigation" (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1027)). Instead, it would require the parties and judicial system to expend significant time and resources on an issue that is entirely collateral to the question of whether Plaintiff has or can state a claim against the University Defendants or any other Defendants in this case. Similarly, because the issue of attorney disqualification is "collateral to the ultimate resolution of the litigation," certification of the

revocation order would not materially advance the resolution of this litigation. *Cole*, 366 F.3d at 817 n.4.

Accordingly, Plaintiff cannot satisfy the three statutory elements for certification pursuant to section 1292(b). Even if Plaintiff could satisfy all three elements (which she cannot), Plaintiff fails to carry the "exceptional" burden of demonstrating why certification is warranted in this case.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration should be denied insofar as it seeks to disqualify Judge Wilken and seeks certification of an interlocutory order pursuant to section 1292(b).

DATED:  October 16, 2018              MUNGER, TOLLES & OLSON LLP
                                      BRADLEY S. PHILLIPS
                                      BRYAN H. HECKENLIVELY
                                      ELIZABETH A. KIM


                                      By:      */s/ Bryan H. Heckenlively*
                                           BRYAN H. HECKENLIVELY
                                      Attorneys for The Regents of the University of
                                      California, Janet Napolitano, and Nicholas Dirks