RACHEL LEDERMAN, SBN 130192
Rachel Lederman & Alexsis C. Beach, Attorneys
558 Capp Street
San Francisco, CA 94110
Telephone: (415) 282-9300
Fax: (510) 590-9296
E-mail: *rachel@bllaw.info*

R. MICHAEL FLYNN, SBN 258732
Flynn Law Office
P.O. Box 70973
Oakland, CA 94612
Telephone: (510) 893-3226
Fax: (866) 728-7879
Email: michael@flo-law.com

Attorneys for defendant RAHA MIRABDAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KIARA ROBLES,<br>Plaintiff,<br>v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA, ET AL.<br>Defendants. | Case No. 4:17-cv-04864 CW<br><br>**DEFENDANT RAHA MIRABDAL'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; POINTS AND AUTHORITIES IN SUPPORT; PROPOSED ORDER.**<br><br>**Date: November 27, 2018<br>Time: 2:30pm<br>Ctrm 6, Oakland Courthouse<br>Hon. Claudia Wilken<br>Trial Date: None set.** |

# TABLE OF CONTENTS

NOTICE OF MOTION........................................................................................... 1

STATEMENT OF RELIEF SOUGHT ....................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 2

   I. Procedural Background and Prior Order ............................................................ 2

   II. The Second Amended Complaint...................................................................... 3

III. The Legal Standard For A Motion To Dismiss.................................................... 5

IV. Plaintiff Has Again Failed To State A Claim Under The Bane Act. ................. 6
   A. The Bane Act........................................................................................................ 6
   B. Plaintiff's Allegations Concerning Mirabdal's Intent Are Not
         Entitled To A Presumption Of Truth……………………………......7
   C. Plaintiff Has Not Cured the Deficiencies of the Prior Complaint. ................ 11

V. Leave to Amend Would Be Futile ..................................................................... 14

VI. Conclusion ........................................................................................................15

   PROPOSED ORDER………………………………………………………16

# TABLE OF AUTHORITIES

Page

**Cases:**

*Abagninin v. AMVAC Chem. Corp.*
   545 F.3d 733 (9th Cir. 2008) .................................................................................. 14

*Allen v. City of Sacramento*
   234 Cal.App.4th 41 (2015) ....................................................................................... 6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................................. 5

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................................. 5

*Denton v. Hernandez*
   504 U.S. 25 (1992) ................................................................................................... 6

*Gottschalk v. City & Cty. of San Francisco*
   964 F.Supp.2d 1147 (N.D. Cal. 2013) ..................................................................... 8

*Julian v. Mission Cmty. Hosp.*
   11 Cal.App.5th 360 (2017) ....................................................................................... 7

*Moss v. U.S. Secret Serv.*
   572 F.3d 962 (9th Cir. 2009) .................................................................................. 13

*Neitzke v. Williams*
   490 U.S. 319 (1989) ................................................................................................. 6

*Pena v. Gardner*
   976 F.2d 469 (9th Cir. 1992) .................................................................................. 12

*Reddy v. Litton Indus., Inc.*
   912 F.2d 291 (9th Cir. 1990) .................................................................................. 12

*Reese v. Cnty. of Sacramento*
   888 F.3d 1030 (9th Cir. 2018) .................................................................................. 6

*Rutman Wine Co. v. E. & J. Gallo Winery*
   829 F.2d 729 (9th Cir. 1987) .................................................................................. 14

*Shoyoye v. Cnty. of Los Angeles*
   203 Cal.App.4th 947 (2012) ............................................................................ 6, 7, 13

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ................................................................................ 6, 8

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ............................................................................. 5, 14

*Von Saher v. Norton Simon Museum of Art*
    592 F.3d 954 (9th Cir. 2010) ................................................................................. 6, 8

*Warren v. Fox Family Worldwide, Inc.*
    328 F.3d 1136 (9th Cir. 2003) ............................................................................... 5, 8

**Statutes:**

Cal. Civ. Code § 52.1 ................................................................................................... 6

**Other:**

Fed. R. Civ. P., rule 12(b)(6) ..................................................................................... 1, 5

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 27, 2018, at 2:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Claudia Wilken in Courtroom 6, 2nd floor, Oakland Courthouse, located at 1301 Clay Street, Oakland, California, defendant RAHA MIRABDAL will and hereby does move to dismiss plaintiff's Second Amended Complaint against Ms. Mirabdal.

This motion is made pursuant to Fed. R. Civ. P. 12(b)(6), in that plaintiff has failed to state a claim upon which relief can be granted; and is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and papers on file, and such other matters as may be presented to this Court.

## STATEMENT OF RELIEF SOUGHT

Defendant seeks an order pursuant to Rules 12(b)(6), and/or Cal. Civil Code section 425.16, dismissing with prejudice the Second Amended Complaint as to Ms. Mirabdal for failure to state a claim for relief.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Procedural Background and Prior Order

Plaintiff first filed a suit against defendant Mirabdal and the other current and former defendants in this case in June, 2017. Defendants filed motions to dismiss, and plaintiff voluntarily dismissed that case on July 25, 2017. (*Robles v. Regents et al.*, Case No. 17-3235, Doc. 1, 46, 51, 52, 57.) Mirabdal had never been served with this earlier complaint. On August 22, 2017, plaintiff filed the instant, almost identical suit. (Doc. 1.) The Court granted a motion to relate the two cases. (Doc. 8.) Defendant Mirabdal and co-defendants filed motions to dismiss or strike the new complaint, and on June 4, 2018, this Court granted in part Mirabdal's motion to dismiss, giving Robles leave to file an amended complaint. (Doc. 11, 16, 43, 51.) Robles filed a first amended complaint on June 25, 2018. (FAC, Doc. 58.) Mirabdal and co-defendants filed a second round of motions to dismiss. (Doc. 60-62.)

In its September 14, 2018, Order, this Court dismissed all claims against "ANTIFA", who had never been served; dismissed all claims against the Regents and the City of Berkeley; dismissed plaintiff's assault and battery claims against Mirabdal without leave to amend; but granted plaintiff leave to amend her Bane Act[1] claim against Mirabdal. (Doc. 88.)

In its September 14, 2018, Order, this Court held that:

Robles has not sufficiently alleged that Mirabdal engaged in "a volitional act intended to interfere with the exercise or enjoyment of the constitutional right," as opposed to merely tortious activity. *Shoyoye*, 203 Cal. App. 4th at 957–58. Robles does not allege specific facts demonstrating Mirabdal's intent to prevent Robles from exercising her First Amendment right of free association. Robles argues that she alleged that Mirabdal, as a member of ANTIFA, fomented a riot "as part of a conspiracy to violently

---

[1] Cal. Civil Code § 52.1.

*Defendant Mirabdal's Mot to Dismiss Second Amd Cmplt*                2                No. 4:17-cv-04864 CW

shut down the Yiannopolous event." FAC 21-22. But this allegation is conclusory and not supported by factual content. Robles does not explain why Mirabdal is likely to be a member of ANTIFA, stating this fact only on "information and belief." She also does not allege facts showing that Mirabdal acted in concert with other members of ANTIFA.

(Doc. 88, p. 22.)

**II. The Second Amended Complaint**

In her second amended complaint (SAC, Doc. 93), plaintiff's fourth complaint against Mirabdal based on the same facts, plaintiff has added the following arguably pertinent new allegations:

- "All of these attacks were carried out after she was incapacitated by Defendant Mirabdal, who shined blinding light directly into her eyes." (Doc. 93, p. 2.)
- "Anyone who was at the Yiannopolous event was either there to support him and/or listen to Yiannopolous speak, like Plaintiff, or a member of ANTIFA there to shut down the Yiannopolous event using deadly violent force." (Doc. 93, ¶ 13.)
- "The ANTIFA Defendants achieved their goal to shut down the Yiannopolous event, as the event was officially cancelled around 6:15 p.m., about 20 minutes after Defendants Mirabdal, Miller, and Does 1-20 began their vicious riot and attack on Plaintiff and other Yiannopolous supporters." (Doc. 93, ¶ 23.)
- "Mirabdal was, at all material times, walking alongside her fellow ANTIFA protestors and engaging in the same violent conduct as her fellow ANTIFA protestors." (Doc. 93, ¶ 43.)
- "Mirabdal was clearly a member of ANTIFA and furthering ANTIFA interests along with he [sic] co-Defendants because she (1) was present

at the Yiannopolous event, (2) was not there to support Yiannopolous and/or listen to him speak, (3) was surrounded at all material times by her fellow ANTIFA members who were engaging in violent conduct towards Yiannopolous supporters, (4) personally and knowingly engaged in violent conduct towards Yiannopolous supporters, (5) personally and knowingly incapacitated Plaintiff with a flashlight so that the persons she was with, fellow ANTIFA members, could attack Plaintiff." (Doc. 93, ¶ 45.)

As in the first amended complaint, plaintiff's allegations do not amount to specific, plausible facts demonstrating Mirabdal's intent to prevent Robles from exercising her First Amendment right of free association. To show Ms. Mirabdal's intent, plaintiff again points to Ms. Mirabdal's supposed membership and conspiracy in a supposed nonprofit organization called "ANTIFA", but these allegations are pure conjecture, and are contradicted by material referenced in the complaint.

Plaintiff does not and cannot know whether Mirabdal or anyone else in the vicinity were "ANTIFA members", who Mirabdal was "walking alongside", whether Mirabdal intended to "incapacitate" plaintiff by shining a flashlight on her, or indeed, whether there even is a nonprofit organization called "ANTIFA, an extremely violent organization that routinely uses deadly force under the guise of 'protests' to further their causes." (Doc. 93, ¶ 10.) Moreover, plaintiff cannot allege specific facts demonstrating *Ms. Mirabdal's* intent to prevent *Ms. Robles* from exercising her First Amendment right by violence or threat of violence. As in the three previous complaints, all she claims Ms. Mirabdal did was to shine a flashlight at her while part of the crowd surrounding Robles at the volatile demonstration.

Plaintiff's complaint does not contain sufficient factual matter to state a claim that is plausible on its face. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 557 (2007).)

### III. The Legal Standard For A Motion To Dismiss

A motion to dismiss should be granted if plaintiff's complaint fails to state a claim upon which relief may be granted. (Fed. R. Civ. P. 12(b)(6).) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". (*Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555, citations and internal quot. marks omitted.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" (*Ashcroft v. Iqbal*, *supra*, 556 U.S. at p. 678 [quoting *Twombly, supra*, 550 U.S. at 570].) This plausibility standard must be "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).)

The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not…necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (*Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotations marks omitted).) While a court must construe the pleadings liberally, a court should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*Sprewell v. Golden State*

*Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).) The court may also reject completely baseless allegations, including those which the court finds fanciful, fantastic, or delusional. (*Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) [quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327, 328 (1989)].)

Additionally, the court need not accept as true allegations in a complaint that are contradicted by facts that are properly subject to judicial notice. (*Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010).) See Request for Judicial Notice filed herewith.

### IV. Plaintiff Has Again Failed To State A Claim Under The Bane Act.

#### *A. The Bane Act*

A Bane Act (Cal. Civil Code, § 52.1) cause of action has two elements. A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion. (*Allen v. City of Sacramento*, 234 Cal.App.4th 41, 66 (2015); *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 958 (2012).) The Act requires "specific intent" to "interfer[e] with rights by 'threat, intimidation or coercion,' words which connote an element of intent." (*Reese v. County of Sacramento* (9th Cir. 2018) 888 F.3d 1030, 1043, 1044.) "[T]o establish liability under the Bane Act, a plaintiff must prove the defendant acted with a specific intent to violate the plaintiff's civil rights. (*Reese* at 1044.) The Bane Act "was intended to address only egregious interferences with constitutional rights, not just any tort." (*Shoyoye, supra,* 203 Cal.App.4th at 959). "The act of interference with a constitutional right must itself be deliberate or spiteful." (*Id.*)

To state a claim, the plaintiff must show that the interference with her rights was done by threatening or committing *violent* acts. (*Julian v. Mission Cmty. Hosp.*, 11 Cal.App.5th 360, 395 (2017).)

Plaintiff has attempted to do this by adding additional allegations spelling out her fantasy that Ms. Mirabdal is a member of the "extremely violent" "non-profit organization ANTIFA" that conspired to attack plaintiff. The amended complaint still does not allege any violence or threats of violence by *Ms. Mirabdal* against *the plaintiff*, just the same allegation that Mirabdal shined a flashlight at Robles while part of a crowd surrounding Robles as in plaintiff's previous complaints.

### *B. Plaintiff's Allegations Concerning Mirabdal's Intent Are Not Entitled To A Presumption Of Truth.*

As the Supreme Court instructed in *Iqbal*, we must begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. (*Iqbal*, *supra*, 556 U.S. at p. 680.)

A crucial allegation for plaintiff to attempt to tie Ms. Mirabdal into this lawsuit is plaintiff's assertion that Mirabdal is a member of a nonprofit organization, "ANTIFA", that "routinely uses deadly force". (Doc. 93, ¶¶ 6, 10, 11, etc.) Without alleging any facially valid evidence in support, plaintiff has converted her earlier complaint's allegation that was based "on information and belief" (Doc 1, ¶ 14), to a bare conclusory allegation in the SAC that Mirabdal is a member. From this, plaintiff would again like to extrapolate that Ms. Mirabdal intended to interfere with the exercise or enjoyment of plaintiff's constitutional right through violence by conspiring with other "ANTIFA" members. In fact, in the SAC, plaintiff alleges that the basis for her belief that Ms. Mirabdal is a member is that, according to plaintiff, *everyone at the demonstration* who was not a Yiannopolous supporter was a

member of "ANTIFA" "there to shut down the Yiannopolous event using deadly violent force." (Doc. 93, ¶ 13.)

These allegations are not entitled to the presumption of truth because they are unwarranted deductions of fact and unreasonable inferences (*Sprewell v. Golden State Warriors, supra,* 266 F.3d at 988); "fanciful, fantastic or delusional"; and/or "so bizarre as to be entirely implausible" (*Gottschalk v. City & Cty. of San Francisco*, 964 F.Supp.2d 1147, 1158 (N.D. Cal. 2013).) Moreover, they are contradicted by allegations and material plaintiff has incorporated into this and her various earlier complaints (*Warren v. Fox Family Worldwide, Inc., supra,* 328 F.3d at 1139) and by matters subject to judicial notice (*Von Saher v. Norton Simon Museum of Art*, *supra*, 592 F.3d at 960.)

Newspaper articles incorporated into the SAC by plaintiff contradict her assumption that everyone in the crowd who was not a Yiannopolous supporter was a member of a single group, "ANTIFA", "an extremely violent organization that routinely uses deadly force" and intended to use "deadly violent force", all "under the direction of, and in concert with, each and every named Defendant". (Doc. 93, ¶¶ 10-11.) First of all, plaintiff asserts that 1,500 people protested against Yiannopolous. (Doc. 93, p. 2.) A local periodical article incorporated into the second amended complaint describe these protesters as including a variety of individuals and groups, such as "UC Berkeley students, local residents, and people from organizations not affiliated with Cal"; some engaged in holding signs or chanting; a smaller number of protesters who threw rocks, set fires and engaged in property

destruction; while "more than 1,500 people stood peacefully on the steps below Sproul Hall". (Doc. 93, fn 1[2].)

Plaintiff has also incorporated into the complaint a New York Times article which states, inter alia, "Antifa is actually more label than organization, its believers connected by calls to action on websites like It's Going Down. Anarchist, communist or just liberal, they oppose fascism with militant zeal. But some formalize into affinity groups like the Pastel Bloc; dressed in pastels — a play on the head-to-toe uniform of black bloc — they offer medical attention during protests." (Doc. 93, fn 2[3].)

The original complaint in the current action incorporated a photo that plaintiff seems to be alleging to show Ms. Mirabdal. This photo, too, contradicts the allegation that the crowd was a uniform mass of black masked members of an organization devoted to homicide. While several people wearing black masks can be seen behind a small dark-haired woman, ostensibly Mirabdal, this dark-haired woman is not masked or dressed all in black, nor is the person immediately to her right or others who can be seen in the crowd. The purported Mirabdal is not carrying a flashlight or a wooden sign post – rather, she is holding a bare piece of cardboard with a handwritten anti-Nazi slogan, no posts or sticks, and an object that may be a bullhorn. (Doc. 1, fn. 66[4].)

Not only is it unreasonable to assume that all the demonstrators belonged to a single extremist group but the existence of this group seems to be a fantasy. Plaintiff describes "ANTIFA" as "a nonprofit organization"

---

[2] The SAC, fn1 links to <https://www.berkeleyside.com/2017/02/02/chaos-erupts-protesters-shut-yiannopolous-events-banks-downtown-vandalized>
[3] The SAC, fn 2 links to <https://www.nytimes.com/2017/08/04/education/edlife/antifa-collective-university-california-berkeley.html>
[4] SAC fn 66 references https://pbs.twimg.com/media/C3vodrJWIAAYQ0h.jpg

*Defendant Mirabdal's Mot to Dismiss Second Amd Cmplt*       9                    No. 4:17-cv-04864 CW

(Doc. 93, ¶ 6) that receives funding from "George Soros' Open Society Foundation", the Alliance for Global Justice or the Tides Foundation. (Doc. 93, ¶¶19-20.) The links provided, in Doc 93 at footnotes 7-9, refer to several organizations, but do not refer to an organization named "ANTIFA." No "ANTIFA" is listed in the IRS database of nonprofits[5], or in the California Franchise Tax Board database.[6] Moreover, to show the violent nature of this group plaintiff is accusing Ms. Mirabdal of being part of, plaintiff quotes extensively from a Twitter account "@SFAntifa". (Doc. 93, ¶¶ 16-17 and fn 3-6.) However, this account appears to be a spoof. Multiple, unanswered tweets on the @SFAntifa page point out that it is a fake account created by fascists.[7] In fact this Twitter account, that plaintiff claims belongs to an established nonprofit with numerous members and Soros funding, has zero followers, has only posted 9 tweets, is not a verified Twitter account, and is not associated with any "nonprofit organization".[8] It certainly does not appear to be the Twitter account of the organization plaintiff previously named in her complaint but never served, "In the Name of Humanity [etc[]". The SAC now

---

[5] IRS Tax Exempt Organization Search page, https://apps.irs.gov/app/eos/ (last viewed on 17 Oct. 2018)

[6] FTB Search page, https://www.ftb.ca.gov/businesses/Exempt-organizations/Entity-List.shtml. FTB provided link to list of nonprofit orgs, https://www.ftb.ca.gov/businesses/Exempt-organizations/Exempt_Organizations1.xlsx (last viewed on 17 Oct. 2018).

[7] See https://twitter.com/intercepts/status/852675974940344321 ("List of fake Antifa accounts (add @SFAntifa to this list.) #fakenews #propaganda #Antifa #psywar https://b9ace.noblogs.org/post/2017/04/01/list-of-fake-antifa-accounts/ …"); https://twitter.com/ChristinaSFLaw/status/902381817876979716 ("FYI--@SFAntifa appears to be a fake/Fash acct (as determined by susp. posts and very susp. followers) Tagging @IGD_News and @TorchAntifa.") (last visited 17 Oct. 2018).

[8] The Twitter Account @SFAntifa has 0 Followers, is following 1 person, and has only posted 9 tweets. See https://twitter.com/search?q=%40SFAntifa&src=typd (last visited 17 Oct. 2018).

*Defendant Mirabdal's Mot to Dismiss Second Amd Cmplt*    10    No. 4:17-cv-04864 CW

refers to a group called "ANTIFA" that according to plaintiff includes at least 1,500 people in Berkeley alone who are singlemindedly bent on homicide. It is from this and this alone that plaintiff asks this Court to impute an intent to violently suppress plaintiff's freedom of association to Ms. Mirabdal.

These are the type of allegations that are not entitled to the presumption of truth because they are contrary to reasonable inferences. It is baseless, so bizarre as to be entirely implausible, and contradicted by plaintiff's own complaint, that Ms. Mirabdal, and *everyone present at the demonstration*, were members of any particular group, let alone one that practices "deadly force" and were all planning to attack the plaintiff. The assumption that all 1,500+ people present were in one "extremely violent" organization is contradicted by material incorporated into the complaint and subject to judicial notice, so far fetched and contrary to common sense that it is not entitled to a presumption of truth.

### *C. Plaintiff Has Not Cured the Deficiencies of the Prior Complaint.*

The same deficiencies the Court found on Mirabdal's prior motion to dismiss, still exist in the SAC. "Robles does not explain why Mirabdal is likely to be a member of ANTIFA, stating this fact only on 'information and belief.' She also does not allege facts showing that Mirabdal acted in concert with other members of ANTIFA." (Doc. 88, p. 22.) Robles' attempt to cure this in the SAC relies on unreasonable inferences and bizarre allegations that are not plausible as required by *Iqbal* and *Twombly*. Moreover, general and conclusory allegations about an indistinguishable group of defendants and/or about misconduct that occurred at no specified time do not provide fair notice to Ms. Mirabdal of the specific grounds for plaintiff's Bane Act claim against

*Ms. Mirabdal*, and therefore are insufficient. (See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).)

The SAC simply repeats the same facts as the three earlier complaints—that (1) Ms. Mirabdal was present in a crowd; (2) she did not support Yiannopolous; (3) she was surrounded by others who also did not support Yiannopolous; (4) she "personally engaged in violent conduct towards others"; and (5) she shined a flashlight into Robles' eyes. (*See* Doc. 93, ¶ 45.) These are essentially the same factual assertions as in the prior complaints (e.g., Doc. 1, ¶¶ 14, 62-65), except that plaintiff's current assertion that Mirabdal was "(3) was surrounded at all material times by her fellow ANTIFA members who were engaging in violent conduct towards Yiannopolous supporters" contradicts the statement in the original Complaint that "Mirabdal and several ***unknown assailants*** surrounded Plaintiff". (Doc. 1, ¶ 64, emphasis added.) The new allegation that the previously described "unknown assailants" are now "ANTIFA members" may be disregarded because the amendment contradicts] the allegations of the original complaint." (*Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).)

Similarly, the vague allegation that Mirabdal "(4) personally and knowingly engaged in violent conduct towards Yiannopolous supporters," is just a restatement of the earlier allegation that that Mirabdal, as a supposed member of "ANTIFA", fomented a riot "as part of a conspiracy to violently shut down the Yiannopolous event". This Court previously found that this "allegation is conclusory and not supported by factual content." (Doc. 88, p. 22, referring to FAC ¶¶ 21-22).  Finally, the repetition of the allegation that Mirabdal "(5) personally and knowingly incapacitated Plaintiff with a flashlight so that the persons she was with, fellow ANTIFA members, could attack Plaintiff" does not add anything new in substance. As explained above,

Robles has not asserted any credible facts to allege Ms. Mirabdal was a member of "the nonprofit organization ANTIFA", no "facts showing that Mirabdal acted in concert with other members of ANTIFA" (*See* Doc. 88, p. 22), or even that such an organization exists such that its members could be jointly and severally liable. In other words, "shining a flashlight" while in a crowd full of journalists, mixed protesters, cameras and phones recording, on a dark night, is not something that rises to the level of an "act of interference with a constitutional right must itself be deliberate or spiteful." (*Shoyoye v. Cty. Of Los Angeles, supra,* 203 Cal.App.4th at 959.)

Accordingly, as this Court found in its order on defendant's previous motion to dismiss, Robles has not sufficiently alleged that Mirabdal engaged in a volitional act intended to interfere with Robles' exercise or enjoyment of her constitutional right and Robles does not allege specific facts demonstrating Mirabdal's intent to prevent Robles from exercising her First Amendment right.

The SAC comes down to the same allegations as the FAC and prior complaints, that Mirabdal attended the anti-racist demonstration and shone a flashlight in Robles' eyes while Robles was surrounded in the crowd (SAC, at p. 8, 42-48). As in *Moss v. U.S. Secret Service*, plaintiff's bald allegation of impermissible motive on defendant's part is conclusory and is therefore not entitled to an assumption of truth. (*Moss v. U.S. Secret Service,* 572 F.3d 962, 970 (9th Cir. 2009).) In sum, these allegations fail to state enough facts to establish a plausible entitlement to relief, such that it is unfair to require Ms. Mirabdal to be subjected to the expense of discovery and continued litigation. (*Starr v. Baca, supra*, 652 F.3d at 1216.)

## IV. Leave to Amend Would Be Futile

A court does not need to grant leave to amend in cases where the Court determines that permitting a Plaintiff to amend would be an exercise in futility. (See, e.g., *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) [Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile].) "Leave to amend may [ ] be denied for repeated failure[s] to cure deficiencies by previous amendment." (*Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).)

This is plaintiff's fourth complaint. Plaintiff has been permitted to amend to more clearly and specifically allege facts supporting her Bane Act claim against Mirabdal, has still failed to allege specific facts supporting a plausible Bane Act claim against Ms. Mirabdal. As such, granting leave to amend yet again would be futile, and this action should now be dismissed with prejudice as to Mirabdal.

## V. CONCLUSION

For the foregoing reasons, defendant Mirabdal respectfully requests that this Court grant motion to dismiss under section 12(b)(6), and dismiss the complaint against Ms. Mirabdal with prejudice.

Dated: October 18, 2018

Respectfully submitted,

Rachel Lederman & Alexsis C. Beach, Attorneys

Flynn Law Office

/s/
By: RACHEL LEDERMAN
Attorneys for defendant Raha Mirabdal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KIARA ROBLES,<br>    Plaintiff,<br>v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA, ET AL.<br>    Defendants. | Case No. 4:17-cv-04864 CW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT MIRABDAL'S MOTION TO DISMISS** |

Defendant Raha Mirabdal moved to dismiss plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Rachel Lederman appeared as attorney for defendant Mirabdal. Larry Klayman and Michael D. Kolodzi appeared as attorneys for plaintiff. The Court considered the motion and arguments of the parties.

Good cause appearing therefore, defendant Mirabdal's motion to dismiss the complaint is GRANTED, and the case is dismissed with prejudice as to Ms. Mirabdal.

Dated: _____         _____
                                 CLAUDIA WILKEN
                                 United States District Court Judge