IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES, | No. C 17-cv-4864-CW |
| Plaintiff, | ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION, REQUEST FOR RECUSAL AND REQUEST FOR CERTIFICATION TO NINTH CIRCUIT |
| v. | |
| IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA, et al., | |
| Defendants. | |
| _____/ | (Docket Nos. 87 & 92) |

Plaintiff Kiara Robles seeks leave to file her motion for reconsideration of the Court's order revoking Larry Klayman's pro hac vice status or, in the alternative, seeks recusal of the undersigned pursuant to 28 U.S.C. § 144.  Plaintiff subsequently filed a motion for leave to supplement this motion and also seeks certification of these decisions to the U.S. Court of Appeals if the motions are denied here.  The Court finds these motions suitable for disposition on the papers.  Having reviewed the papers and the record, the Court DENIES Plaintiff's motions.

I.   Background

On June 5, 2017, Plaintiff Robles filed her complaint in Robles v. The Regents of the University of California, Berkeley, 17-cv-3235-cw (Robles I).  On July 17, 2017, Plaintiff filed a request for recusal in Robles I, arguing that the undersigned is an alumna of University of California Berkeley and was appointed by former president Bill Clinton.  Robles I, Docket No. 50.  The Court denied the request for recusal on July 25, 2017.  Robles I, Docket No. 56 (Recusal Order).  On the same day, Plaintiff filed a

notice of voluntary dismissal in <u>Robles I</u>.  On August 22, 2017,
Plaintiff filed the complaint here, alleging nearly identical
facts and claims all alleged in <u>Robles I</u>.  Docket No. 1.  On
September 28, 2017, the Court ordered the current case, <u>Robles v.</u>
<u>In the Name of Humanity, We Refuse to Accept a Fascist America et</u>
<u>al</u>, 17-cv-4864-cw, which had been randomly assigned to another
judge, to be related to <u>Robles I</u>.

On October 2, 2017, Defendants filed a motion to revoke the
pro hac vice status of Plaintiff's counsel, Larry Klayman.  Docket
No. 15.  On May 23, 2018, the Court issued an eleven-page
tentative ruling outlining its reasons for its intention to grant
Defendants' motion.  Docket No. 49 (Tentative Ruling).  The Court
also offered Mr. Klayman the opportunity to request a hearing
before the final ruling.  Docket Nos. 49, 56 & 66.  In the
Tentative Ruling, the Court noted the series of judicial
reprimands and sanctions faced by Mr. Klayman, including the Ninth
Circuit's affirmance of the District of Nevada's decision to deny
Mr. Klayman's application for pro hac vice.  Tentative Ruling at
2-4.  The Court also noted the disciplinary proceedings against
Mr. Klayman in the jurisdictions in which he was licensed to
practice, Florida and the District of Columbia.  The Court relied
on the June 19, 2017 District of Columbia Court of Appeals' Board
of Professional Responsibility Report and Recommendation (D.C.
Recommendation) which "found by 'clear and convincing evidence'
that [Mr.] Klayman's conduct 'raises a serious doubt as to his
ability to practice in conformance with the rules.'"  <u>Id.</u> at 4-6
(citing D.C. Recommendation).

The Court's Tentative Ruling also addressed Plaintiff's counsel's failure to follow the local rules and procedures of this District, including failing to comply with the Court's deadline to oppose a motion to dismiss.  Id. at 10.

The parties subsequently submitted supplemental briefing and appeared for a hearing.  Docket Nos. 66, 71, 72 & 73.  On August 31, 2018, the Court issued its final ruling.  Docket No. 86 (Final PHV Order).  The Court found that Mr. Klayman "present[ed] no new arguments or facts that would change the Court's tentative ruling."  Id. at 1.  The Court also noted that the D.C. Recommendation was on appeal, but that the "findings that Klayman violated Rules of Professional Responsibility were still instructive."  Id.

On September 13, 2018, Plaintiff filed the instant request for leave to file a motion for reconsideration of the order revoking Mr. Klayman's pro hac vice status and, in the alternative, again seeking recusal.  Docket No. 87.  On September 14, 2018, the Court issued its order on Defendants' motion to dismiss, dismissing most of Plaintiff's claims against Defendants with prejudice.  Docket No. 88.  On October 2, 2018, Plaintiff filed her motion for leave to supplement her request for reconsideration, arguing that the Court's order on the motion to dismiss was improper given the pending motion for recusal.  Docket No. 92.

II.  Discussion

    A.    Plaintiff's Request for Leave to File Motion for Reconsideration of Order Revoking Pro Hac Vice Status is Denied

This District allows for leave to file a motion for reconsideration if there is a showing of the following:

> The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9.

Plaintiff argues that reconsideration is appropriate here because the Court has "manifest[ly] fail[ed] . . . to consider" three purported "material facts."  First, the Court made an incorrect finding that Plaintiff had moved to disqualify the undersigned previously when Plaintiff had only sought a recusal. Motion at 5.  Second, the Court "consciously disregarded Robles' constitutional due process" because Plaintiff cannot proceed without Mr. Klayman.  Specifically, she cannot find other representation and her local counsel Michael Kolodzi cannot represent Plaintiff by himself.  Id. at 6.  Third, the Court relied on the D.C. Recommendation as dispositive law and failed to consider the dissenting opinion in a Ninth Circuit case.  Id. at

4

7.  The Court does not find any of these reasons persuasive.  They are insufficient for purposes of reconsideration.

First, Robles' argument that the Court made an erroneous finding that she made a motion for disqualification when she only requested recusal is meritless.  As the Court noted in the Robles I order denying recusal, "The standards for disqualification or recusal under 28 U.S.C. §§ 144 and 455 are identical."  Recusal Order at 1 (citing United States v. Sibla, 624 F.3d 864, 867 (9th Cir. 1980).  Thus, the Court did not make an erroneous finding when it used the term disqualification instead recusal.  Nor is this a material fact or dispositive legal argument sufficient for reconsideration purposes.

Second, revoking the pro hac vice application of Mr. Klayman has not deprived Plaintiff of any constitutional right to counsel.  As the Court has addressed previously in its Final PHV Order, Plaintiff is still represented by Mr. Kolodzi.[1]  Furthermore, a plaintiff in a civil case does not have a constitutional right to counsel nor does she have an absolute right to select the counsel she desires.  Melendres v. Arpaio, 2015 WL 11071093, at *2 (D. Az. July 10, 2015) (rejecting plaintiff's argument that the court's denial of plaintiff's counsel's pro hac vice application violated his constitutional right to counsel, holding there is no constitutional right to counsel in a civil action); Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989) ("[A] litigant must be

[1] If Mr. Kolodzi is unable to continue representing Plaintiff for financial or other reasons, he may seek permission from this Court to withdraw as Plaintiff's attorney pursuant to the local rules.  See Civil L.R. 11-5.

afforded a fair opportunity to secure counsel of his choice, not that he has an absolute right to select any counsel he desires.");
Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); see also United States v. Ries, 100 F.3d 1469, 1471 (9th Cir. 1996) (upholding district court's denial of litigant's counsel's pro hac vice application because there was a "compelling purpose" for the court to "orderly administ[er]" justice).  Thus, the Court's revocation of Mr. Klayman's pro hac vice status did not impinge on any constitutional rights.

Plaintiff's remaining arguments merely rehash her prior arguments raised in her papers and at the hearing.  Plaintiff has not established that the Court "manifestly fail[ed]" to address any of these arguments pursuant to Local Rules.  See Final PHV Order at 1-2.

Plaintiff has failed to identify any material facts or dispositive legal arguments that the Court had not previously considered.  Thus, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

B.   Plaintiff's Request for Recusal Is Denied

Plaintiff also seeks recusal a second time under 28 U.S.C. § 144, based again on the alma mater and appointing president of the undersigned.  She also complains of the Court's rulings against her.  Under § 144, "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice[,] . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144.  "The affidavit shall state the facts and the reasons for the belief

that bias or prejudice exists."  Id.  This affidavit must be legally sufficient to establish bias or prejudice, and "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits . . . [and] (3) the substantiality of the support given by these facts to the allegation of bias."  United States v. Azhocar, 581 F.2d 735, 739-40 (9th Cir. 1978).  Plaintiff's request is denied because she has failed to submit affidavits identifying any purported bias or prejudice and has failed to identify any appropriate basis for recusal.  28 U.S.C. § 144.  Plaintiff's affidavits merely state that she cannot find another attorney, and that Mr. Kolodzi will be unable to represent Plaintiff by himself.  Docket No. 87-2 & 87-3 (Motion, Exs. 2 & 3).  These do not speak to any purported bias or prejudice.  United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980).  Plaintiff's request for recusal under § 144 is denied for this reason alone.

Nor has Plaintiff identified a valid basis for recusal.  She repeats the arguments in her first recusal motion.  However, as stated in the Court's order denying Plaintiff's request for recusal in the first instance, Plaintiff's argument is meritless.  Recusal Order at 1-2.  A judge's alma mater and appointing president do not create the appearance of a conflict of interest.  Larson v. C.I.A., No. 1:10-cv-01774 OWW JL, 2010 WL 4623923, at *1 (E.D. Cal. Nov. 5, 2010).  Plaintiff's only new point -- that the undersigned has demonstrated bias or prejudice based on rulings against Plaintiff -- also fails under clearly established law.  Liteky v. United States, 510 U.S. 540, 541 (1994) ("[J]udicial

United States District Court
For the Northern District of California

rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); United States v. Studley, 783 F.3d 934, 939-40 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not a sufficient cause for recusal" and is not an extrajudicial source).  Plaintiff's request for recusal is DENIED.

C.   The Court Did Not Improperly Issue an Order While Plaintiff's Motion for Reconsideration was Pending

Plaintiff argues in her supplemental motion that the Court improperly issued an order on Defendants' motion to dismiss when her recusal motion was pending.  Supp. Motion at 4-5.  When a party files a timely and sufficient affidavit of bias or prejudice on the part of the judge before whom the party's case is pending, it is upon the judge to pass on the affidavit's legal sufficiency. 28 U.S.C. § 144; Berger v. United States, 255 U.S. 22, 35-36 (1922).  "Only after the judge determines that the affidavit of bias or prejudice is legally sufficient does it become the duty of the judge to 'proceed no further' in the case." Azhocar, 581 F.2d at 738.  As stated above, Plaintiff's affidavits were not legally sufficient.  Thus, a stay of the current proceedings was not warranted, nor would it have been appropriate to assign the case to another a judge.  Issuing an order while the current recusal motion was pending was not improper.

D.   Plaintiff Is Not Entitled to Interlocutory Appeal

Plaintiff lastly seeks permission to certify for interlocutory appeal under 28 U.S.C. § 1292(b) any order denying recusal and the order revoking Mr. Klayman's pro hac vice status if reconsideration is denied in this Order.  Supp. Motion at 6-8. Pursuant to 28 U.S.C. § 1292(b), the district court may certify an

appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation and (3) there is substantial ground for difference of opinion as to the question of law.  See Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687–88 (9th Cir. 2011).  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it.  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978), superseded on unrelated grounds in Microsoft Corp. v. Baker, 437 U.S. 463 (2017).  The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances.  Id. A court has substantial discretion in deciding whether to grant a party's motion for certification.  Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996).

Here, Plaintiff again merely repeats her arguments asserted in her motions for reconsideration and for recusal.  Supp. Motion at 6-11.  Plaintiff only offers a formulaic recitation of the standard for interlocutory appeal.  She does not identify a controlling question of law, establish how granting certification would materially advance the termination of the litigation, or point to a substantial difference of opinion.  Plaintiff has not met her burden to show exceptional circumstances that would merit interlocutory appeal on either issue.  Zepeda v. PayPal, Inc.,

C10-2500 SBA, 2014 WL 588066, at *2 (N.D. Cal. Feb. 14, 2014)
(finding plaintiff's motion to be frivolous and filed in bad faith
and denying plaintiff's request for interlocutory appeal of
plaintiff's § 144 recusal motion); Brooks v. Motsenbocker Advanced
Devs., Inc., 07-cv-0773-MMA, 2009 WL 10671993, at *4 (S.D. Cal. May
15, 2009) (denying interlocutory appeal of an attorney
disqualification order).

III. Conclusion

    For the foregoing reasons, Plaintiff's motion for
reconsideration and, in the alternative, for recusal is DENIED.
Plaintiff's supplemental motion seeking interlocutory appeal of
these two decisions is also DENIED.

    IT IS SO ORDERED.


Dated: October 24, 2018          _____
                                 CLAUDIA WILKEN
                                 United States District Judge

United States District Court
For the Northern District of California