IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>      Plaintiff,<br><br>  v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA, et al.,<br><br>      Defendants. | Case No. 17-cv-04864-CW<br><br>ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT IAN DABNEY MILLER AND DENYING PLAINTIFF KIARA ROBLES' REQUESTS FOR CERTIFICATION, STAY AND EXTENSION OF TIME<br><br>(Docket No. 102) |

     Plaintiff Kiara Robles filed her Second Amended Complaint against Defendant Raha Mirabdal alleging a count of a violation of the Bane Act and Defendant Ian Dabney Miller alleging counts of assault, battery and a violation of the Bane Act, all of which are state law claims. On December 4, 2018, the Court granted Defendant Mirabdal's motion to dismiss and dismissed without prejudice Plaintiff's claim against Mirabdal because Plaintiff failed to respond to Mirabdal's motion to dismiss despite an extension by the Court, thereby failing to prosecute her case against Mirabdal. Docket No. 101. On January 14, 2019, Plaintiff, now pro se, filed requests to certify to the Ninth Circuit the Court's order revoking her counsel's pro hac vice status, to stay the proceedings and to extend time to respond to Defendant Mirabdal's motion to dismiss. Docket No. 102. The Court had previously dismissed with prejudice claims alleging § 1983 violations against the University of California Board of Regents and the City of Berkeley. The only remaining claims are

Plaintiff's state law claims against Defendant Dabney Miller. A case management conference was scheduled for January 15, 2019. No case management statements were filed as ordered and no one appeared for the conference.

The Court hereby sua sponte dismisses without prejudice Plaintiff's claims against Defendant Dabney Miller. A court "may sua sponte decline to exercise supplemental jurisdiction over remaining state law claims" when a district court has dismissed all claims over which it has original jurisdiction. Sikhs for Justice "SFJ", Inc. v. Facebook, Inc., 144 F. Supp. 3d. 1088, 1096 (N.D. Cal. 2015). In determining whether to decline supplemental jurisdiction, a court considers judicial economy, convenience, fairness and comity. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011).

Here, the factors tip in favor of declining supplemental jurisdiction. The case has not proceeded very far as it has not gone beyond the pleading stage and discovery has not yet started. Moreover, Plaintiff brought only state law claims against Defendant Dabney Miller; this tips in favor of declining supplemental jurisdiction because state courts should interpret state law in the first instance. Sikhs for Justice, 144 F. Supp. 3d at 1097; see also Banga v. Kohl's Dept Stores, Inc., C 13-00275 SBA, 2013 WL 6734116, at *5 (N.D. Cal. Dec. 20, 2013) (declining supplemental jurisdiction because the case was still in the "early [pleading] stage").

The Court also finds Plaintiff's requests for certification, a stay and an extension to be meritless and hereby denies them. The Court has already denied Plaintiff's request to certify to

the Ninth Circuit the Court's order revoking her counsel's pro hac vice status. Docket No. 99 at 8-10. Further, because the Court has already dismissed Plaintiff's claims against Mirabdal after giving her an extension to respond and warning her that dismissal was possible if she did not respond, Plaintiff cannot seek to respond to Mirabdal's motion to dismiss now. Lastly, Plaintiff's request to stay proceedings is moot since no other claims remain for the Court to stay.

For the foregoing reasons, the Court hereby declines supplemental jurisdiction and DISMISSES WITHOUT PREJUDICE Plaintiff's remaining state law claims against Defendant Dabney Miller. Since the claims against Dabney Miller and Mirabdal were dismissed without prejudice and are state law claims, the dismissal is without prejudice to re-filing in state court, although she must do so timely. The Court also DENIES Plaintiff's pending requests (Docket No. 102). Because no other claims remain in the matter, the Court DIRECTS the Clerk of the Court to close the file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: January 16, 2019

CLAUDIA WILKEN
United States District Judge

3