**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIARA ROBLES, | No.   19-15148 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-04864-CW |
| v. | |
| CITY OF BERKELEY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted June 8, 2020
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and ROYAL,[**] District Judge.

Plaintiff Kiara Robles appeals the dismissal of her claims against Defendants

the City of Berkeley (the City), University of California (UC) President Janet

Napolitano and UC Berkeley Chancellor Nicholas Dirks (the UC officials), Raha

Mirabdal, and Ian Dabney Miller.  Plaintiff also appeals the district court's

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable C. Ashley Royal, United States District Judge for the
Middle District of Georgia, sitting by designation.

revocation of *pro hac vice* status for her counsel, Larry Klayman, and the denial of

her motion to disqualify Judge Wilken.  We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm in part and reverse in part.

      1.    The district court did not abuse its discretion in revoking Klayman's

*pro hac vice* status.  *See In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2016) (stating

standard of review).  Because the decision to revoke *pro hac vice* status is within

the sound discretion of the district court, this court "will not overturn its decision

unless the court committed an error of law or the court's factual determinations

were clearly erroneous."  *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir.

2005).

      The district court did not commit any legal error in concluding that

Plaintiff's right to counsel of choice could be outweighed by the court's interests in

the "ethical and orderly administration of justice."  *Bundy*, 840 F.3d at 1042.  Even

a criminal defendant's Sixth Amendment right to counsel of choice is not absolute.

*See United States v. Walters*, 309 F.3d 589, 592 (9th Cir. 2002) ("The Sixth

Amendment grants criminal defendants a qualified constitutional right to hire

counsel of their choice [including *pro hac vice*] but the right is qualified in that it

may be abridged to serve some 'compelling purpose.'" (quoting *United States v.

D'Amore*, 56 F.3d 1202, 1204 (9th Cir. 1995), *overruled on other grounds by

United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999))); *United States v. Ries*,

100 F.3d 1469, 1471 (9th Cir. 1996) ("Ensuring the ethical and orderly administration of justice is one such purpose.").  The district court did not fail to acknowledge Plaintiff's asserted inability to find alternate representation.

The district court also did not ultimately rely on any clearly erroneous factual conclusions in reaching its decision.  In its tentative ruling, the court quoted from the D.C. Court of Appeals Board of Professional Responsibility (D.C. Board) Hearing Committee Report and Recommendation (June 19, 2017) without acknowledging that the Report was nonfinal and that the D.C. Board had issued a superseding Report and Recommendation on February 6, 2018.  However, the district court relied on numerous other grounds for revoking Klayman's *pro hac vice admission* in its tentative ruling, and indicated in its final ruling that it understood the nonfinality of the D.C. Board's Report while nevertheless finding it "instructive."[1]

There was no error in the district court's characterization of our decision in *Bundy*.  The court acknowledged Judge Gould's conclusion in his dissenting opinion that Klayman had properly disclosed ongoing disciplinary proceedings to the District of Nevada.  *See* 840 F.3d at 1054–55 (Gould, J., dissenting).  Yet the court properly followed our majority opinion, which catalogued numerous other

---

[1] The D.C. Court of Appeals has since issued a final decision in these disciplinary proceedings, accepting the D.C. Board's recommendations.  *In re Larry Klayman*, No. 18-BG-0100 (D.C. Ct. App. June 11, 2020).

examples of concerning conduct and stated that Klayman's unflattering record was "not one that the district court should ignore." *Id.* at 1046–47 (majority opinion).

The court's characterization of a previous recusal filing by Plaintiff was immaterial. In its tentative ruling, the court characterized Plaintiff's previous filing as a "motion to disqualify" rather than, as the relevant filing was in fact styled, a "request for recusal." As the district court correctly noted, the standards for disqualification or recusal are identical whether a party files a motion pursuant to 28 U.S.C. § 144 or the judge considers voluntary recusal under § 455. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Moreover, the district court's conclusion that Plaintiff made an attempt at "judge shopping" was not unfounded. After the court denied her request for recusal, Plaintiff voluntarily dismissed her complaint, only to then re-file substantially the same complaint a month later without disclosing the relation of the two cases.

2.     The district court did not err in denying Plaintiff's motion for disqualification. Neither "graduation from a university [nor] prior service as an adjunct . . . create[s] the appearance of impropriety." *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267–68 (9th Cir. 2016). Judge Wilken did not rely on false statements in her final *pro hac vice* ruling,[2] nor did she ignore Plaintiff's

---

[2] We note also that Judge Wilken's initial failure to acknowledge the superseding D.C. Board Report was likely due to the fact that it was issued after

asserted inability to find alternate counsel.  It was also not improper for Judge
Wilken to issue her decision on the pending motions to dismiss despite Plaintiff's
filing of the disqualification motion.  *See United States v. Azhocar*, 581 F.2d 735,
738 (9th Cir. 1978).  The record provides no indication of extrajudicial influence or
"deep-seated and unequivocal antagonism."  *Liteky v. United States*, 510 U.S. 540,
556 (1994); *see also United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir.
2010).

      3.     Reviewing de novo, we conclude that Plaintiff's battery claim against
Mirabdal based on an aiding and abetting theory of liability should not have been
dismissed.  *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (stating
standard of review); *Ayer v. Robinson*, 163 Cal. App. 2d 424, 428 (1958)
(describing aider and abettor liability).  Plaintiff plausibly alleges that Mirabdal
aided and abetted unnamed assailants who attacked Plaintiff with pepper spray,
bear mace, and flag poles, by participating in surrounding Plaintiff and by shining
her flashlight in such a way as to enable the direct attacks.  Plaintiff's allegation
that Mirabdal physically attacked other Yiannopoulos supporters lends plausibility
to her allegation that Mirabdal was a participant in a coordinated attack.  However,
Plaintiff does not plausibly allege a direct battery claim based on the shining of a

---

the parties' briefing on revocation.  Plaintiff only brought it to the court's attention
at the hearing that followed the tentative ruling.

flashlight alone.  *See So v. Shin*, 212 Cal. App. 4th 652, 669 (2013) (stating the elements of battery).[3]

The district court did not abuse its discretion in dismissing without prejudice Plaintiff's Bane Act claim against Mirabdal for failure to prosecute.  Cal. Civ. Code § 52.1; *see In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (stating standard of review and five-factor test for dismissal for failure to prosecute).  Plaintiff argues that the only reason she failed to prosecute her claims was the erroneous revocation of Klayman's *pro hac vice* status.  Because, as we hold above, that revocation was not in error, this argument fails.

4.      Reviewing de novo, we affirm the dismissal of Plaintiff's claims against the UC officials.  *See Starr*, 652 F.3d at 1205 (stating standard of review). Plaintiff's First Amendment and Equal Protection claims both fail for insufficient allegations of a state-created danger.  *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989); *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133, 1137 (9th Cir. 2018); *Johnson v. City of Seattle*, 474 F.3d 634, 636–37, 641 (9th Cir. 2007).  As to her Equal Protection claim, Plaintiff also fails to

---

[3] Plaintiff did not argue in her opening brief that the dismissal of her assault claim against Mirabdal was error, and therefore the issue is waived.  *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).  In any event, Plaintiff did not plausibly allege an assault claim.  *See So*, 212 Cal. 4th at 668–69 (stating the elements of assault).

plead any contextual facts that would plausibly demonstrate that the UC officials'

actions or inaction were in any way motivated by Plaintiff's sex or sexual

orientation. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.

2005).

Plaintiff's Bane Act claim was properly dismissed for similar reasons, as

Plaintiff has not plausibly alleged that the UC officials interfered or attempted to

interfere, "by threat, intimidation, or coercion," with Plaintiff's exercise of

constitutional rights.  Cal. Civ. Code § 52.1(b).

5.      Reviewing de novo, we likewise affirm the dismissal of Plaintiff's

claims against the City.  *See Starr*, 652 F.3d at 1205 (stating standard of review).

A municipality cannot be held liable under § 1983 unless a municipal "policy or

custom" caused the constitutional injury.  *Monell v. Dept. of Social Servs.*, 436

U.S. 658, 694 (1978); *see also Leatherman v. Tarrant Cty. Narcotics & Intell.

Unit*, 507 U.S. 163, 166 (1993).  Plaintiff's allegation that the City employed a

different policing strategy on one other occasion is insufficient to plausibly allege a

custom or policy.  In addition, Plaintiff fails to plausibly allege underlying

constitutional deprivations for the same reasons that she fails to state constitutional

claims against the UC officials.

6.      The district court did not abuse its discretion in declining

supplemental jurisdiction over the remaining claims, including dismissing without

prejudice Plaintiff's claims against Miller.  *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011).  The district court may also choose on remand to decline supplemental jurisdiction over the surviving state law claim against Mirabdal.

**AFFIRMED as to revocation, disqualification.  AFFIRMED in part, REVERSED in part, as to Mirabdal.  AFFIRMED as to the City, UC officials, and Miller.**  Costs shall be taxed against Appellant, except that Appellee Mirabdal shall bear her own costs.