IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>    Plaintiff,<br><br>    v.<br><br>IN THE NAME OF HUMANITY, WE REFUSE TO ACCEPT A FASCIST AMERICA, et al.,<br><br>    Defendants. | Case No. 17-cv-04864 CW<br><br>ORDER DISMISSING WITHOUT PREJUDICE BATTERY CLAIM AGAINST DEFENDANT RAHA MIRABDAL<br><br>(Re: Dkt. Nos. 108, 109) |

In separate orders, the Court (1) dismissed Plaintiff Kiara Robles' claims against Defendants the City of Berkeley (the City), University of California (UC) President Janet Napolitano and UC Berkeley Chancellor Nicholas Dirks (the UC officials), Raha Mirabdal, and Ian Dabney Miller, see Docket Nos. 51, 88, 101, 104; and (2) revoked the pro hac vice status for Robles' counsel and denied Robles' motion for disqualification of the undersigned, Docket No. 86. Robles appealed each of these orders. Docket No. 105.

On July 10, 2020, the Ninth Circuit issued a memorandum in which it affirmed in part and reversed in part the Court's orders. Ninth Circuit Mem., Docket No. 108. The court of appeals reversed the dismissal of Robles' battery claim against Mirabdal based on an aiding-and-abetting theory of liability.

Id. at 5-6. The Ninth Circuit affirmed the dismissal of all other claims, as well as the revocation of the pro hac vice status for Robles' counsel and the denial of Robles' motion for disqualification. Id. at 1-2, 5-8. The Ninth Circuit issued its mandate with respect to these rulings on August 5, 2020. Mandate, Docket No. 109.

On remand, the only claim that remains at issue in this action is Robles' battery claim against Mirabdal based on an aiding-and-abetting theory of liability, which arises out of state law. The Court declines to exercise supplemental jurisdiction over that claim. See 28 U.S.C. § 1367(c)(3); Ninth Circuit Mem. at 7-8 (noting that the Court may "choose on remand to decline supplemental jurisdiction over the surviving state law claim against Mirabdal"). The Court finds that the balance of the factors of judicial economy, convenience, fairness, and comity do not weigh in favor of retaining that claim in federal court, as the claim has never progressed beyond the pleading stage and comity would be promoted by allowing the state court to interpret state law in the first instance. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011) (affirming dismissal of state-law claims based on findings that "the balance of the factors of judicial economy, convenience, fairness, and comity did not tip in favor of retaining the state-law claims after the dismissal of the [federal] claim") (citation and internal quotation marks omitted); Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed

before trial, the proper exercise of discretion requires dismissal of the state claim.").

Accordingly, Robles' battery claim against Mirabdal based on an aiding-and-abetting theory of liability is DISMISSED WITHOUT PREJUDICE to re-filing it in state court.  The Clerk shall terminate this action.

IT IS SO ORDERED.

Dated: August 20, 2020

CLAUDIA WILKEN
United States District Judge